## J. W. H. GOLDEN v. ROBERT J. ELLIOTT, et al.

MANDAMUS; *When it will be Refused; Discretion of Court.* Where in a county lately opened to settlement and into which population has been recently and rapidly flowing, an application to the district court for a mandamus to compel the county officers to remove their offices from one town to another is overruled, and where the only facts disclosed in the application are, that at a county-seat election, held more than two years before, the returns showed that the latter place had received a majority of the votes, without any explanation of the delay in the application, and where it also appears that immediately after such election and before any canvass of the votes the district court had in a proper proceeding issued a restraining order enjoining the canvass, the proclamation of the result, and the removal of the county offices, on the ground that such apparent majority was the result of fraudulent votes, and that such restraining order remains unreversed and in full force, *held,* that this court will not reverse the ruling of the district court refusing the writ of mandamus.

### Error from Labette District Court.

GOLDEN and four others, electors and taxpayers of Labette City, on the 4th of April, 1873, filed their petition for a mandamus to compel *Elliott* and the other county officers to remove their offices, records, etc., from Oswego to Labette City, alleging that the county-seat of Labette county had been located at Labette City at an election held February 28, 1871. The record shows that at said election there were 2508 votes cast, of which 1200 were cast in favor of Oswego, and 1308 in favor of Labette City; that on the 3d of March, 1871, in action instituted by J. Q. Cowell and others, electors and taxpayers of Oswego, against W. H. Carpenter and others, county commissioners, the district judge had granted an injunction restraining the board of county commissioners from canvassing the votes cast at said election of February 28th, and proclaiming the result thereof, on the ground that a large number of fraudulent votes had been cast in favor of Labette City at said election, and that a majority of the legal votes of said county had not been given in favor of removing the county-seat to said Labette City. Said injunction does not

appear to have been vacated, modified, dissolved, or reversed. The district court at the March Term 1873, refused to award the mandamus prayed for by *Golden* and others, and the petitioners bring the case here on error.

*W. P. Lamb*, for plaintiffs:

The petition in this case is sufficient. All the facts are stated in the petition to authorize an alternative writ of mandamus to issue. (Gen. Stat. of 1868, p. 298, ch. 26; Laws of 1871, p. 191, ch. 79.) The court erred in refusing the alternative writ of mandamus.

*H. G. Webb*, and *W. C. Webb*, for defendants:

1. The petition in this case purports to be a petition for a *mandamus*, brought by Golden and others as plaintiffs, against Elliott and others as defendants; but it contains as an exhibit a transcript of the record of a proceeding in an action for an *injunction* wherein Cowell and others were plaintiffs, and Carpenter and others were defendants. If this transcript shows or proves anything, it proves that the election under which Golden and others claim was fraudulent and void, and because it was fraudulent and void the board of county commissioners had been enjoined from canvassing the votes and declaring the result. No appeal was taken from the order of the district court granting said injunction, and said injunction has not been dissolved. To award a mandamus, in this proceeding, is, in effect, to reverse or vacate said injunction in a collateral proceeding, and without notice to either party to the injunction suit.

More than this: Said election was held February 28th and the canvass thereof was enjoined March 3d, 1871. This application for a mandamus was not instituted until April, 1873 — more than two years afterward. The injunction remains; no canvass of the votes has been made; and the plaintiffs here, and all others, must be deemed to have acquiesced in the decision in the injunction case. The plaintiffs have slept

upon their rights too long. 2 Wend., 264; 2 Johns. Cas., 217, note 14; 1 Manle & Sel., 32; 1 Barn. & A., 378, 380.

2. Error does not lie from the order refusing a mandamus. The writ of mandamus is essentially a prerogative writ. Applications therefor are addressed to the discretion of the court, and, whether allowed or denied, the order of the court is not reviewable: 6 Kas., 537; 22 N. Y., 467; 10 Wend., 30; 23 Wend., 648; 2 Johns. Cases, 217, note 63; 3 How., 165; 23 How. Pr., 189, 191.

3. The affidavit on which the application for the writ was made was *entitled*, and should not have been read or considered: 1 Wend., 291; 2 Johns., 371; 2 How. Pr., 60; 3 Dew., 54, 55. The practice is still the same notwithstanding the code: 7 How. Pr., 124.

4. The petition does not show that the plaintiffs are entitled to the relief claimed, but shows affirmatively they are not. It shows that the vote was not canvassed, nor proclamation of result made. The county officers have twenty days after "such proclamation" for preparation and removal. This proclamation of the result of the canvass is the test and evidence of duty, and authority to remove, and is akin to the ordinary certificate of election: Gen. Stat., 298, §§ 8, 9; 1 Kas., 273, 280.

The opinion of the court was delivered by

BREWER, J.: On the 15th of February, 1871, a county-seat election was held in Labette county. No place received a majority of all the votes, and on February 28th, 1871, a second election was held to decide between the two places having the highest number of votes. At such election the returns showed a majority in favor of Labette City. On the 3d of March, 1871, the judge of the district court issued a restraining order against the commissioners of said county, restraining them from canvassing the votes, proclaiming the result, or removing the county offices to Labette City. The petition therefor alleged fraudulent voting in favor of Labette City at both elections. Such restraining order yet remains

undisturbed and in full force.  In April, 1873, certain electors of Labette City presented to the district court of said county a petition for a writ of mandamus to compel the different county officers to remove their offices to Labette City. Such petition simply alleged the two elections, the result of the votes, and the failure of the commissioners to canvass and declare the result.  The district court refused the writ, and now plaintiffs in error seek a reversal of that order.

Several questions are discussed by counsel in their briefs. We rest our affirmance of the ruling below upon one point. The writ of mandamus, originally a prerogative writ, and solely within the discretion of the court, still so far partakes of its original nature that the court may exercise a considerable degree of discretion in granting or refusing it. (*The State, ex rel. Wells, v. Marston,* 6 Kas., 537.)  Can we say that the district court abused its discretion in refusing this writ?  Immediately after a county-seat election an injunction is issued restraining any canvass of the votes, and any removal of the county offices, on account of the fraudulent manner of the election, and the fraudulent voting in favor of the apparently successful place.  For more than two years the whole community seems content with that decision. Even the citizens of the place apparently successful claim no rights by virtue of such election.  This seems very strange, considering the eagerness with which ordinarily a county-seat is sought, and the vehemence of the efforts made to secure or retain it.  The records of this court abundantly show how important this question is considered.  Such remarkable indifference argues either a consciousness of the truth of the charges, or a conviction that the changes of population, or of the facilities of travel, render it for the best interests of the county, as a whole, that the county-seat remain where it is. We do not mean to assert that this lapse of time has operated like a statute of limitations, and absolutely cut off all rights; nor that a similar lapse of time in an older and more permanently settled community ought to have the same influence upon the discretion of a court.  It must be remembered that

this county has been but lately opened to settlement, and that population has recently and rapidly been flowing into it. Less than two years may have materially altered the centers of population and wealth, as well as the means and facilities of communication, and it may well be that the community generally prefer that the county-seat remain undisturbed. At any rate, when the local court, familiar with the condition of the county, refuses a writ of mandamus to remove the county offices, and nothing but the naked facts of the election appear in the application therefor, without explanation of the delay, and the restraining order appears undisturbed, we cannot hold that there was an abuse of discretion in refusing the writ.

All the Justices concurring.