## THE BOARD OF COMMISSIONERS OF WABAUNSEE COUNTY v. J. M. BISBY.

PUBLIC ROAD — *Damages* — *Practice.* Where an appeal is taken by a land-owner from an award of damages allowed for the location of a public road across his lands, *held*, that the only question the court has jurisdiction to hear and determine on said appeal is the amount of damages appellant is entitled to. And *further held*, That it is no defense to said action that a public road had been previously laid out and established over the same right-of-way.

*Error from Wabaunsee District Court.*

APPEAL by *Bisby* to the district court from the allowance of damages by the county board of Wabaunsee county on account of the establishment of a public road over plaintiff's land. Trial by the court at the March Term, 1885, and judgment for the plaintiff for $99.40 damages, and $60.65 costs. The County brings the case here.

*W. A. Doolittle*, county attorney, for plaintiff in error.

*H. A. Pierce*, for defendant in error.

Opinion by CLOGSTON, C.: The only errors complained of in this case are: First, that the court erred in refusing to allow the defendant to introduce in evidence the township record, tending to show a location and establishment of a public road through plaintiff's land in 1859; second, the court erred in refusing to admit in evidence the record of the county clerk, tending to show the location of a public road over a part of the plaintiff's land in 1868; and third, that the judgment ought to have been for the defendant below instead of for the plaintiff. The statute under which this appeal was taken is as follows:

"SEC. 7. It shall be the duty of the viewers, at the same time that they make their report of the view, to make also a separate report to the county commissioners in writing, stating the amount of damages, if any, by them assessed, and to whom. They shall also be required to submit with such report the written application on which assessments have been made. All allowances for damages, as provided in this act, shall be subject to revision by said board of county commissioners, and any person feeling himself aggrieved by the award of damages made by the board of county commissioners may appeal from the decision of the said board of county commissioners to the district court, upon the same terms, in the same manner, and with like effect as in appeals from judgments of justices of the peace in civil cases." (Comp. Laws of 1885, ch. 89, § 7.)

Under this provision the only thing that the district court had jurisdiction to hear and determine was, the amount of

damages plaintiff was entitled to; nothing else. The location and establishment of the road was final when it was located and established by the board of county commissioners. Then only such testimony as tended to establish or show the damages of the plaintiff was competent. The proceedings before the county commissioners were the regular proceedings to establish a public road. A petition had been presented; publication had; viewers appointed; notice to land-holders given; the viewers met, together with the surveyor, and surveyed and located the road; they heard claims for damages, and made awards of damages, and allowed the plaintiff ten dollars. Their report was properly made to the board of county commissioners; the commissioners confirmed their report, and allowed the plaintiff the same damages awarded by the viewers. From this award of damages he appealed.

The evidence sought to be introduced to show, or tending to show, that a road had been established over this same route by the county some years before, was not competent for the purpose of showing the amount of his damages. The county was treating this matter as if no road had ever been located there. Whatever proceedings had taken place prior to that time the county commissioners were entirely ignoring; they were saying to the defendant, We are about to locate and establish a road over your land, and if you claim damages you must present your claim. And after the county board has done this, it cannot be heard to say, A public road is already established over this same route; and therefore the plaintiff is not damaged. Such a claim would be proper if this was an application to compel the plaintiff to open a public road which it was alleged he had obstructed or closed up. The evidence clearly shows that the plaintiff was entitled to at least the amount found by the court.

It is recommended that the judgment of the court below be affirmed.

By the Court: It is so ordered.

All the Justices concurring.