F. H. BRIGGS et al. v. THE BOARD OF COMMISSIONERS OF LABETTE COUNTY.

1. PUBLIC ROAD, Established; Damages; Appeal; Practice. On an appeal from an award of damages for the laying out of a public road, the only question the court has jurisdiction to determine, or submit to the determination of a jury, is the amount of damages the appellant is entitled to.

2. BUILDINGS, Across Line of Road; Practice. Where on the trial of such appeal it is shown that the plaintiff had, before the laying out of such road, erected cattle sheds and other improvements across the section line on which the road was afterward located, held, that the good faith in the erection of such improvements on the section line cannot be questioned or inquired into on such trial.

*Error from Labette District Court.*

APPEAL by Briggs & Briggs to the district court, from an allowance of damages by the board of commissioners of Labette county on account of the establishment of a public road

over plaintiff's land.   Trial at the November term, 1884, and verdict and judgment for plaintiffs for $72.50.   Plaintiffs moved the court to set aside the verdict and grant a new trial, which motion the court overruled.   Plaintiffs bring the case here for review.

*Case & Glasse*, for plaintiffs in error.

*T. C. Cory*, county attorney, for defendant in error.

Opinion by CLOGSTON, C.: On an appeal from an award of damages for the laying out of a public road, the only question the court has to determine or submit to the determination of a jury, is as to the amount of damages the owner of the land is entitled to, if any; and no question of the previous laying out of a road over the same route, or whether there had been a prior dedication of the land to the public, and acceptance as a public road, enters into the inquiry.   The proceedings before the board of commissioners were the regular proceedings to lay out and establish a public road.   Plaintiffs, with other land-owners, were notified to present their claims for damages.   The plaintiffs presented their claim and some amount was allowed, and they were also allowed damages. Not deeming the allowance sufficient to compensate them, they appealed.   The question of the utility or practicability of the road was determined by the commissioners, and on that question their decision was final.   The appeal was taken on the question of damages alone.   See *Comm'rs of Wabaunsee Co. v. Bisby*, 37 Kas. 253: In that case the court sought to show that years before a public road had been laid out over the same route, and therefore that the plaintiff was not entitled to damages, and it was held that such testimony was not competent, and was properly excluded. . In this case dedication is sought to be shown.   This ought also to have been excluded; but the court admitted the evidence, and having admitted it, the court ought to have instructed the jury to disregard it.

It appears from the record that a certain cattle shed and corral had been erected by the plaintiffs, and that a short time

thereafter steps were taken to have this road laid out. The evidence shows that the shed was completed about January, 1884, and the petition for the road was filed April 11, 1884. This shed and corral were located directly across the line on which this road was afterward laid out, the shed being 280 feet long and standing immediately on the line. This improvement was shown to have cost plaintiffs about $500; and part of the damages claimed by them was for the tearing down and removal of this shed and corral. Evidence was also given to show that this shed and corral were erected by the plaintiffs at that particular point for the purpose of preventing a public road from being located on that section line and across that land, and upon such testimony the court gave the jury the following instruction:

"If he built the shed in question across the line of the road intentionally, and for the purpose of preventing the laying out of the road, such improvements as he made with that object in view and for that purpose he would not be entitled to the full damages which he might sustain on account of his own act; or in other words, that may be taken into consideration by you for the purpose of determining what damages he should have for such improvements, if any. While he had the right to put his shed upon his own premises at any place he saw fit, and if he in good faith placed that where he did, he ought to recover such damages as he sustained on account of the laying out of the road, yet if he built the shed with the full knowledge that steps were being taken for the purpose of laying out the road, and if for the purpose of preventing the laying out of this road he made any of these improvements, that matter may be taken into consideration by you for the purpose of determining what damage he has sustained in that connection; and such as he put there purposely and intentionally for that object (if you should find that to be the fact), he ought not to be permitted to take advantage of his own wrongful act in that particular and fully recover therefor. Whether he did so, I express no opinion whatever; and that is for you to determine from the evidence in this case."

The evidence upon which this instruction was given was improperly admitted, and the instruction is erroneous. This

West v. Telegraph Co.

land was the property of the plaintiffs, and they had a right to erect their corral and shed and such other improvements as they saw fit upon the land, and it could make no difference what their purpose was in so locating it. They may have placed it there for the purpose of preventing the laying out of a road, and this they might properly do if they saw fit, and their motives could not be questioned by the county or by the people who might afterward desire the location of a road across that land. We are therefore of the opinion that this case was tried upon a mistaken theory, and that the instructions of the court on the question of dedication and the measure of plaintiffs' damages were erroneous.

It is recommended that the judgment of the court below be reversed.

By the Court: It is so ordered.

All the Justices concurring.