GEORGE C. NELSON, *Appellant*, v. THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF BUTLER, *Appellee.*

No. 16,249.

SYLLABUS BY THE COURT.

HIGHWAYS—*Appeal from Award—Evidence of Prior Establishment of Highway.* On an appeal to the district court from an award of damages allowed by the county commissioners for the establishment of a highway the county attorney in his statement to the jury said that the land did not belong to the appellant, as a public highway had long ago been established upon that same line by the legislature. On the trial the county attorney introduced an act of the legislature by which, in 1872, roads were established on all section lines in that and other counties. At the proper time the ap pellant requested the court to instruct the jury to disregard

the fact that a public highway had been established on such line, which was refused. *Held,* error.

Appeal from Butler district court; GRANVILLE P. AIKMAN, judge. Opinion filed May 7, 1910. Reversed.

*T. A. Kramer,* and *George J. Benson,* for the appellant.

*Fred S. Jackson,* attorney-general, and *K. M. Geddes,* county attorney, for the appellee; *C. A. Leland,* of counsel.

The opinion of the court was delivered by

GRAVES, J.: This is an action to recover damages on account of establishing a public highway over the land of the appellant. The road was regularly established under the statute. The county commissioners allowed the appellant $134, and he appealed from this allowance to the district court, where the verdict was in favor of the county, and now he appeals to this court.

Only two questions are presented—irregularity of the court by which the appellant was prevented from having a fair trial, and misconduct of the county attorney which prevented the appellant from having a fair trial. Upon the statement of the case the county attorney made the following statements to the jury:

"There won't be any evidence here to show that Mr. Nelson ever owned the land over which this public highway is located; but there will be evidence that this public highway was located in 1872.

"The evidence will be that this public highway was located in 1872, long before Mr. Nelson or anyone else, except the government, had it. The evidence will be that the government and the legislatures of the state of Kansas located that public highway before ever any patent was issued to it."

To this the appellant objected and excepted, and

asked to have it withdrawn from the consideration of the jury, which was refused by the court.

Upon the introduction of the evidence the county attorney introduced chapter 181 of the Laws of 1872, which declared all section lines in several counties, among which was Butler, to be public highways. This was also objected to. At the proper time the appellant requested the court to give the following instruction to the jury, which was refused:

"The fact, if it be a fact, that prior to the time the road in question was located by the board of county commissioners a road may have been provided for along the same line by the act of congress, or some other method, can not be taken into consideration by you in estimating the damage in this case. In other words, plaintiff is entitled to just as much damages as he would be if such road had not been previously located or provided for."

Otherwise the case was tried in the manner usual in such cases. On the question of damages it was undisputed that two and one-half acres of land were taken for the road and were worth at least $12 per acre. It was not pretended that the landowner received compensation for this by benefits or otherwise. There was nothing in the evidence sufficient to justify a verdict for the appellant for less than $30, and a much larger verdict was justifiable.

It was clearly erroneous for the court to permit the county attorney to call the attention of the jury to this act of the legislature. No purpose is apparent for doing so other than to influence and mislead the jury. The error in making the statement was emphasized by the refusal to exclude it from the jury upon request. The instruction to the jury requested by the plaintiff was proper, and ought to have been given. (*Comm'rs of Lyon Co.* v. *Kiser,* 26 Kan. 279; *Comm'rs of Wabaunsee Co.* v. *Bisby,* 37 Kan. 253; *Briggs* v. *Comm'rs of Labette Co.,* 39 Kan. 90; *Cowley County* v. *Hooker,*

70 Kan. 372.)    In the case of *Comm'rs of Wabaunsee Co. v. Bisby,* supra, it was said in the opinion:

"The county was treating this matter as if no road had ever been located there.    Whatever proceedings had taken place prior to that time the county commissioners were entirely ignoring; they were saying to the defendant, We are about to locate and establish a road over your land, and if you claim damages you must present your claim.    And after the county board has done this it can not be heard to say, A public road is already established over this same route, and therefore the plaintiff is not damaged."    (Page 255.)

The only thing that can be said to avoid a reversal here is that no prejudice resulted from the error committed.    This conclusion, however, is not apparent.    The verdict is erroneous.    It can not be justified under the evidence, and. therefore something must have misled the jury.    No other reason appearing for the conduct of the jury, we conclude that it was the result of this error, and therefore the judgment is reversed.