No. 22,396.

LEE KOLSTER AND IDA KOLSTER, *Appellees*, v. THE AMERICAN
GAS COMPANY, *Appellant*.

### SYLLABUS BY THE COURT.

1. MANDAMUS—*A Discretionary Writ.* Mandamus is a discretionary
writ, and it should not issue to compel the performance of an act which
would be fraught with danger to life and property.

2. SAME—*Gas Service Shut Off by Gas Company—Leaking Gas Pipes in
Residence—Writ Denied.* The plaintiffs were tenants of a residence
equipped for gas service. They asked the defendant gas company to
serve them with gas from its mains in the adjacent street. The de-
fendant complied, but made the discovery that the gas pipes in the
plaintiffs' residence were leaking and promptly shut off the gas. The
plaintiffs applied for a writ of mandamus. Defendant pleaded the
defective condition of the residence gas pipes and the danger to life
and property and the consequent liability which defendant might
incur by compliance. The evidence of both parties was in substantial
accord as to the condition of the gas pipes in the residence, and the
fact of the defects and danger was established; but it was shown by
plaintiffs' evidence that an entirely different and insufficient reason
was given by the gas company before the action was begun for with-
holding the service demanded. *Held,* notwithstanding the insufficient
excuse given by defendant for withholding the service before the
plaintiffs applied for mandamus, the facts pleaded and proved dis-
close that the larger interest of the public in the safety of life and
property required that the gas should not be turned into the leaking
pipes, and the writ of mandamus should be denied.

Appeal from Cherokee district court; FRANK W. BOSS,
judge. Opinion filed January 10, 1920. Reversed.

*Edward E. Sapp,* of Galena, for the appellant.
*E. B. Morgan,* of Galena, for the appellees.

The opinion of the court was delivered by

DAWSON, J.: The plaintiffs brought mandamus to compel
the defendant to supply plaintiffs with gas at their city resi-
dence in Galena. The defendant raised two defenses in its
answer and return to the alternative writ—(1) that the mat-
ter was one which should have been presented in the first in-
stance to the public utilities commission; and (2) that the
gas pipes in the plaintiffs' residence were defective and leaking

and that it would be dangerous to turn on the gas and might subject the defendant to liability. The defendant avowed its readiness to furnish gas as soon as the gas pipes in the plaintiffs' residence were repaired, but that it had never been notified that repairs had been made.

At the hearing below, the evidence for plaintiffs tended to show—and as the trial court gave credence to it, this court must do likewise—that the reason given to plaintiffs by the defendant for its refusal to turn on the gas was that plaintiffs were in collusion with the tenants who had preceded them in the occupancy of the residence and who had not paid their gas bill. But the plaintiffs admitted that the gas pipes in the house were leaking; the defendant had pleaded and the evidence clearly established that fact; and there was no evidence that the defective pipes had been repaired by plaintiffs or their landlord. Nevertheless, the trial court gave judgment for plaintiffs, and ordered the defendant forthwith to turn on the gas at plaintiffs' residence.

Was that judgment correct? It seems superfluous to scrutinize all the details of the public-utilities acts to determine whether defendant is right or wrong on its first contention. The second part of defendant's answer alleged that the gas pipes in the house were leaking, but that it was ready and willing to turn on the gas as soon as they were repaired. Plaintiffs themselves testified that the defendant's service man turned on the gas and found three leaks, and stopped one of them by the use of a knife. The others were not stopped because the plaintiffs could not furnish him with a wrench. The service man then turned off the gas. By the judgment of the trial court the defendant must turn it on again regardless of the leaks in the gas pipes in plaintiffs' residence.

It is not pretended that it was the defendant's corporate duty to repair the gas pipes in the residence; and the city ordinance charged the defendant with the duty to use every reasonable precaution to avoid damage or injury to persons and property in operating its gas system. Of course the general principles of law are to the same effect. It needs no evidence to establish the fact that leaking gas pipes are fraught with great danger to life and property. The evidence for the defendant—which might have been disbelieved by the trial

court but for the fact that plaintiffs' evidence was largely to the same effect—was that the defendant's inspector found three leaks in the gas pipes in the residence, and that he did not repair any of them, but simply shut off the gas as it was his duty to do. No showing was made that the gas pipes were ever repaired, nor has the defendant been notified that such repairs have yet been made. In such a situation it seems clear that it was error to order the gas turned on, and the writ of mandamus should not have issued.

An action in mandamus is a very different thing from an action on a debt or for damages or the like, where judgment as prayed for goes as a matter of course to the prevailing party, and where the court is absolutely bound to give such judgment. Mandamus is a discretionary writ, and before granting it the court may and should look to the larger, public interest which may be concerned—an interest which the private litigants are apt to overlook when striving for their private ends. (*The State, ex rel. Wells, v. Marston*, 6 Kan. 524, 537; *A. T. & S. F. Rld. Co. v. Comm'rs of Jefferson Co.*, 12 Kan. 127, 136; *Golden v. Elliott*, 13 Kan. 92, 95; *The State v. Stevens*, 23 Kan. 456; *The State, ex rel., v. Comm'rs. of Phillips County*, 26 Kan. 419, 425.)

In 26 Cyc. 143 *et seq.*, it is said:

"It is often said in modern opinions that the proceeding by mandamus has lost its prerogative character and become an ordinary civil action to enforce legal rights, from which it is sometimes said to result that the writ issues as a matter of right. It will be found, however, that there is little real or substantial conflict in the authorities. The writ is employed only in unusual cases where other remedies fail, and it is hedged about by many conditions totally inapplicable to the ordinary suit at law. The applicant must in all cases substantially demonstrate the propriety and justice of his case. Nor is the court bound to take the case as the applicant presents it. It may consider defendant's rights, the interest of third persons, the importance or unimportance of the case, and the applicant's conduct, in determining whether or not the writ shall go.

.    .    .    .    .    .    .    .    .    .    .

"Mandamus may be refused where the public interest would be injuriously affected, and it will not issue to compel the performance of an act which will work a public and private mischief." (p. 146.)

The judgment is reversed, and the cause is remanded with instructions that it be dismissed.