No. 23,156.

THE KANSAS & OKLAHOMA RAILWAY COMPANY, *Plaintiff*, v. THE CITY OF LIBERAL et al., *Defendants*.

SYLLABUS BY THE COURT.

MANDAMUS—*City Bonds—Aid in Construction of Railroad—Conditions Under Which Bonds Were Voted Not Complied With—Writ Denied.* A writ of mandamus will not issue to compel the delivery of railroad bonds voted by a city under sections 8661-8667 of the General Statutes of 1915, where no railroad has been built except 2,675 feet connected by a switch with another railroad, and where from the whole proceeding it can be gathered that it was the intention of all parties that a railroad be built from a city in Oklahoma to the city in this state voting the bonds.

Original proceeding in mandamus. Opinion filed April 9, 1921. Writ denied.

*A. C. Malloy, R. C. Davis, W. H. White,* all of Hutchinson, *G. W. Sawyer,* and *John C. King,* both of Liberal, for the plaintiff.

*John W. Davis,* of Greensburg, for the defendants.

The opinion of the court was delivered by

MARSHALL, J.: This is an original proceeding in mandamus. The plaintiff is a railroad company organized to build a railroad from Forgan, Okla., to Liberal, Kan., a distance of twenty-nine miles. The plaintiff seeks to compel the defendants to issue $20,000 in bonds voted by the city of Liberal to

Railway Co. v. City of Liberal.

aid the plaintiff in building its road. The petition presented to the mayor and councilmen asking that the election be called contained the following:

"Shall the city of Liberal, Seward county, Kansas, aid the Kansas & Oklahoma Railway Company, its successors or assigns, which company proposes to construct a line of railroad in or through said city, in securing and paying for land for right of way, depot grounds and terminal facilities, by issuing to said company forty (40) bonds of the said city of Liberal of $500.00 each (totaling $20,000.00). . . .

"When said the Kansas & Oklahoma Railway Company, its successors or assigns, shall have in operation its track connections with the tracks of the Chicago, Rock Island and Pacific Railway, and its line of railway constructed therefrom to the point of location of its station in said city at a date not later than December 31, 1920, the said bonds shall thereupon be delivered to it."

When presented to the mayor and councilmen, they objected to the petition on account of its terms and requested that the plaintiff furnish satisfactory assurance that the railroad would be built and operated from Forgan to Liberal. Complying with that request, the plaintiff gave to the mayor and councilmen a written statement as follows:

"We, The Kansas and Oklahoma Railway Company, by its officers and directors, do make this promise and agreement with the council and the people of the City of Liberal, Kansas.

"That, whereas, said corporation has asked for the aid for the building of the road and its terminal facilities from the citizens of Liberal to be delivered as described in the petition calling for a special election for the purpose of voting bonds in the amount of $20,000:

"Now, the following statement is hereby made by the first-named parties: That they will not ask for the delivery of any aid in the nature of the bonds voted, until satisfactory assurance can be given said council of Liberal that the railroad contemplated and proposed from the City of Liberal, Kansas, to Forgan, Oklahoma, will be builded and operated between said points in the time stated in the said petition calling for an election."

That statement was signed by the plaintiff acting through its president and board of directors. Upon that statement being given, the election was called, and the bonds were voted. Thereafter, 2,675 feet of railroad track was built, partly in the city of Liberal, and was connected by a switch with the Chicago, Rock Island & Pacific railroad tracks. A point on the track thus built by the plaintiff was designated as a site for the station. Some grading was done between Forgan and Liberal.

After the 2,675 feet of track had been built, the plaintiff demanded the delivery of the bonds. They were not delivered, and this action was commenced.

The contention of the plaintiff is that by building the 2,675 feet of railroad track it complied with the conditions of the petition asking for the election and that the statement signed by the plaintiff before the election was called was no part of the petition, has nothing to do with it, and must not be considered in this action.

The statutes under which these bonds were voted are sections 8661-8667 of the General Statutes of 1915. Section 8661 in part reads:

"When a petition in writing, signed by at least two-fifths of the resident taxpayers of any incorporated city of the first or second class, shall be presented to the mayor and council of such city, asking that a vote be taken and an election held upon the question of aiding any railroad company, whether operated by steam, electricity, or other motive power, constructing or proposing to construct its line of railroad in or through said city, in securing or paying for land for right of way, depot grounds, and terminal facilities, the mayor and council of such city shall cause an election to be held to determine whether such city shall aid such railroad company in securing and paying for lands for the right of way, depot grounds, and terminal facilities."

Section 8663 reads:

"Before. such aid shall be extended, the question shall first be submitted to the qualified electors of such city as provided in section one of this act, at a general or special election, as the same shall be specified in the petition, which petition shall also designate the railroad company and the amount for which aid is proposed to be extended by such city, together with the conditions upon which it is proposed to extend such aid, and the form of ballots to be used at such election, for and against such proposition."

Part of section 8666 reads:

"*Provided,* That no such bonds shall be issued until the railroad to which it is proposed to extend aid for the purposes hereinbefore indicated shall be completed and in operation through the city voting in favor of such aid and the issuance of such bonds, or to, from or between such points in such city as may be specified in the proposition set forth in the petition required by this act."

It clearly appears from the evidence that Liberal desired a railroad direct to Forgan, Okla.; that the bonds were voted to secure that railroad; that the building of it was promised by the plaintiff; and that no railroad except the 2,675 feet has

been built. The bonds were not voted for the purpose of aiding the plaintiff in building 2,675 feet of track, merely a spur track connected by a switch with the Rock Island railroad, notwithstanding the language of the petition and of the other proceedings based thereon. That part of the petition which provides for the delivery of the bonds when the plaintiff "shall have in operation its track connection with the tracks of the Chicago, Rock Island and Pacific Railway" must be construed to mean its track connection in operation between its line of railroad from Forgan to Liberal and the Rock Island railroad tracks.

If the contention of the plaintiff is correct, that it is now entitled to a delivery of the bonds, and the bonds are delivered, what obligation will then rest on it to build a railroad from Forgan to Liberal, under the proposition that was submitted to the voters of the latter city? If there is no obligation to build that railroad before the bonds are delivered, there will be none after they are delivered, for the reason that the terms of the petition will have been complied with. In that event, Liberal will have given $20,000 in aid of the construction of 2,675 feet of railroad track which is absolutely useless, and section 8666 of the statute will have been violated for the reason that the railroad will not have been completed and in operation.

Concede that the plaintiff is technically correct, yet it has been said that mandamus is discretionary. (*The State, ex rel. Wells v. Marston*, 6 Kan. 524; *A. T. & S. F. Rld. Co. v. Comm'rs of Jefferson Co.*, 12 Kan. 127, 136; *Golden v. Elliott*, 13 Kan. 92, 95; *The State, ex rel., v. Breese*, 15 Kan. 123, 125; *The State, ex rel., v. Comm'rs of Anderson Co.*, 28 Kan. 67, 70; *Evans v. Thomas*, 32 Kan. 469, 4 Pac. 833; *City of Potwin Place v. Topeka Rly. Co.*, 51 Kan. 609, 33 Pac. 309; *The State, ex rel., v. Flannelly*, 96 Kan. 833, 152 Pac. 22; *Kolster v. Gas Co.*, 106 Kan. 84, 186 Pac. 738.)

If the writ is discretionary, it ought not to be issued to compel the performance of an act technically legal but which accomplishes actual injustice. In *Shellabarger v. Comm'rs of Jackson Co.*, 50 Kan. 138, 32 Pac. 132, this court said:

"*Mandamus* will not lie where its only effect is to aid in accomplishing an injustice or wrong." (Syl.)

"The allowance of a writ of *mandamus* is largely within the discretion of the court, and it is never allowed or issued where it will work in-

justice and wrong. Courts never lend their aid by *mandamus* to perpetrate an injustice or a wrong." (p. 143.)

(See, also, *The State, ex rel., v. Stevens,* 23 Kan. 456; *The State, ex rel., v. Comm'rs of Phillips County,* 26 Kan. 419, 425; 26 Cyc. 146, 155; 19 A. & E. Encycl. of L., 753.)

It would be an injustice to compel the defendants to issue $20,000 in bonds for the 2,675 feet of useless railroad track.

The writ is denied.