No. 23,452.

THE HEMAN CONSTRUCTION COMPANY, *Plaintiff*, v. WILBUR N. MASON et al., *Defendants*.

Original proceeding in mandamus. Opinion filed June 11, 1921. Writ denied.

*Frank Doster, J. E. Addington,* and *J. E. Larimer,* all of Topeka, for the plaintiff.

*Richard J. Hopkins,* attorney-general, *J. K. Rankin,* and *John G. Egan,* assistant attorneys-general, for the defendants.

*Per curiam:* In this, an original action in mandamus, the plaintiff seeks to compel the state board of administration and the state auditor to deliver to the plaintiff certain warrants signed and registered for a part of the contract price for the construction of a building at the state normal in Emporia, and seeks to compel the state treasurer to pay the warrants after

their delivery. An alternative writ has been issued, and an answer has been filed to which the plaintiff demurs.

The brief of the plaintiff gives a correct and concise statement of the issues made by the alternative writ, and the answer thereto, and that statement, which is as follows, is adopted by the court:

"The alternative writ charges that plaintiff was awarded the contract for the erection of the Plumb Memorial Building, for the State Normal School; that it performed the work as contracted, and was paid all the contract price, except a balance of $5,472.28; that June 30, 1917, the then state architect and superintendent of building construction and the then State Board of Administration, in writing approved the work and the vouchers therefor; the then state auditor issued warrants for the said balance due, and the then .state treasurer countersigned and registered the same; but that the said auditor and Board of Administration, and their successors since then, have refused to deliver said warrants to plaintiff; wherefore, it has been unable to secure payment of the sum due.

"The answer admits all the allegations in the writ, except as to the due completion of the work, and in defense thereto, says, that plaintiff did not properly perform some of the work under the contract (specifying it) ; that on plaintiff's attention being called to the defective work, it agreed to rectify it, but has never done so; that the legislative appropriation for the contractor's payment was to lapse and did lapse after June 30, 1917; that in order to save the appropriated fund for plaintiff's benefit, the final estimates, and vouchers were on July 10, 1917, approved and warrants drawn and countersigned and registered, as plaintiff alleges; that these papers were antedated June 30, 1917, but that on the later date, it was orally agreed between plaintiff and defendants, and orally ordered by the defendants that said warrants should be withheld from delivery until plaintiff had made good the defective work. There is no allegation in the answer of any character of fraud or misrepresentation on plaintiff's part or mistake on defendant's part."

The argument to support the demurrer is that the answer alleges facts which if established must be proved by parol evidence that will contradict the record of the board of administration, of the state auditor, and of the state treasurer. It is contended that such evidence is inadmissible and that therefore the answer, which states no facts which can be proved in defense to the alternative writ, is insufficient. The answer alleges facts which if true should defeat the plaintiff's right to .have delivered to it the warrants that have been signed. If the warrants should not be delivered, mandamus should not issue to compel their delivery. Mandamus is a discretionary writ

(*Railway Co. v. City of Liberal,* 108 Kan. 836, 196 Pac. 1067), and should not issue to compel the delivery of warrants to the plaintiff when it has not performed the service for which it was to receive them.

There is much difficulty in holding that evidence to contradict the record may be introduced by the defendants. The record they made is at least *prima facie* correct, and there is ample authority holding that they cannot contradict it. (22 C. J. 1083, and subsequent pages.) That record is very similar to the record of a board of county commissioners in a road proceeding. If such a board should establish a road, allow damages, and direct warrants to be issued, and the warrants are issued, signed and registered, but the clerk should refuse to deliver them, in an action to compel their delivery, the board of county commissioners would not be permitted to say that the road was not established, that damages were not allowed, nor that warrants were not directed to be issued. The same principle must apply to the records made by the board of administration, by the auditor and by the treasurer.

While these officers probably cannot dispute any statement contained in the record made by them, the state is not concluded by that record if it does not recite the facts. The state, on the relation of the attorney-general, in this or in an action commenced for that purpose, may question the correctness of the record, and may procure a judgment preventing the delivery of the warrants if the facts alleged in the answer are true. The court therefore suggests that the state on the relation of the attorney-general intervene in this action and file such pleadings as may be necessary to enable the court to determine the truth of the matters alleged in the answer filed by the defendants. When that is done the answer now filed and the demurrer thereto will become immaterial, and it will be unnecessary for the court to say that the demurrer should or should not be sustained.