No. 25,237.

The State of Kansas, ex rel. Charles B. Griffith, as Attorney-general, *Plaintiff,* v. The Board of County Commissioners of the County of Thomas, *Defendants.*

#### SYLLABUS BY THE COURT.

Mandamus—*Action to Compel Disorganization of School District — Writ Denied.* Proceedings in a mandamus action considered, and *held,* the facts as recounted in the opinion do not justify the issuance of the extraordinary writ of mandamus.

Original proceeding in mandamus. Opinion filed June 7, 1924. Writ denied.

*Charles B. Griffith,* attorney-general, *W. C. Ralston,* assistant attorney-general, and *Guy L. Hursh,* of Topeka, and *J. H. Jenson,* of Oakley, for the plaintiff.

*W. H. Clark,* of Hoxie, *E. H. Benson,* of Colby, *Robert Stone, George T. McDermott, Robert L. Webb,* and *Beryl R. Johnson,* all of Topeka, for the defendants.

The opinion of the court was delivered by

Hopkins, J.: This is an original proceeding in mandamus to compel the board of county commissioners of Thomas county to act in conjunction with the county superintendent in disorganizing school

district No. 29 and to attach it to joint consolidated school district No. 2.

Chapter 228 of the Laws of 1921 provided that, "Whenever any school district shall have failed or neglected to maintain a school for at least seven months in each year for a period of two successive years, such school district shall be disorganized by the county superintendent of public instruction in conjunction with the county commissioners, and the territory thereof shall be attached to adjoining districts as may be determined by the county superintendent," etc. This act was amended by the revision of 1923. As now in effect the statute requires a disorganization on failure to maintain school seven months for three successive years instead of two. (R. S. 72-818.)

It appears that for the school year of 1920-1921 the officers of district 29 voted for a seven months' school and employed a teacher for seven months. School was regularly opened at the appropriate time and conducted for a period of five months. At the end of that time the pupils of the district, except one, had moved to Norton county. One student, who lived near the town of Oakley in the district, attended the school at Oakley, and district No. 29 paid his tuition for the full period of nine months. There being no other children in the district to attend school, an adjustment was made with the teacher under her contract, and the school was discontinued for the succeeding two months. The district voted a fund for the purpose of conducting the school for the year 1921-1922, and had that fund on hand for that purpose, but school was not maintained for the reason that there were no children to attend. School was conducted for the full term of seven months for the school year of 1922-1923. On April 13, 1923, a school meeting was regularly held, the officers elected, levy made, and a school term of eight months voted for the school year 1923-1924. The term was opened at the appropriate time in the fall of 1923 and continued for the necessary seven months for the school year of 1923-1924. It also appears that a majority of the voters of district No. 29, the present county superintendent of Thomas county and the defendants do not approve of the disorganization of the district.

It is contended by the plaintiff that the failure to maintain school for at least seven months in each year for two successive years operated to disorganize the district; that under the then existing statute it became the duty of the county superintendent and county

commissioners to disorganize the district; that the defendants had no discretion in the matter.

On the other hand, it is contended by the defendants that they were empowered to exercise their discretion; that there was not a complete failure for two successive years to hold a seven months' term; that inasmuch as the legislature has amended the statute specifying that a failure to hold school shall not disorganize the district unless such failure continue for three successive years, and that, inasmuch as the district, since the alleged dereliction, has for the past two years regularly maintained school for the time required, the defendants should not now be compelled to disorganize the district.

It is well settled that the granting of the extraordinary writ of mandamus rests largely in the sound discretion of the court; that where it is sought to coerce public officers by a writ of mandamus to do certain acts, the right of the plaintiff to have the acts performed must be clear, and the corresponding duty upon the officers to do the required act must be correspondingly clear. (See, *Railway Co. v. City of Liberal*, 108 Kan. 836, 196 Pac. 1067, and cases cited; 18 R. C. L. 128.)

It is not necessary to discuss in detail the various contentions raised by the parties. Considering all the circumstances—that a majority of those residing in the district desire that it shall not be disorganized; that the county superintendent and the board of county commissioners do not approve of its disorganization; that the district has successfully maintained a school for two years since the alleged dereliction; and that the present law, if applicable, would not warrant disorganization of the district—we are impelled to conclude that the facts do not justify the issuance of the writ of mandamus.

The writ is denied.