No. 25,928.

SCHOOL DISTRICT No. 1 OF DICKINSON, SALINE AND OTTAWA COUNTIES, *Appellant*, v. B. K. CRITTENDEN, as County Superintendent of Public Instruction, G. E. BENGSTON, W. C. BATTERSBY and G. C. HINKLE, as County Commissioners of Saline County, and SCHOOL DISTRICT No. 53 OF SALINE COUNTY, *Appellees*.

SYLLABUS BY THE COURT.

1. SCHOOLS—*Dissolution of District.* Where a statute directs the county superintendent and commissioners to disorganize a school district which has failed to hold a school for two successive years, an adjoining district, to which the territory would be added in case such action were taken, and the tax roll of which would thereby be increased, has no such special interest in the matter by reason of these considerations as to enable it to maintain a proceeding in mandamus to compel the disorganization.

2. SAME—*Mandamus—Discretion of Court.* Where a school district during the time the statute described in the foregoing paragraph is in force discontinues the holding of school for two successive years and then resumes it, and the legislature then increases the period necessary for disorganization from two years to three, a court at least commits no abuse of discretion in refusing to compel such action by mandamus.

Appeal from Saline district court; DALLAS GROVER, judge. Opinion filed May 9, 1925. Affirmed.

*C. E. Rugh, Matt Guilfoyle,* both of Abilene, and *T. L. Bond,* of Salina, for the appellant.

*Bryan J. Hoffman,* county attorney, and *Z. C. Millikin,* of Salina, for the appellees.

The opinion of the court was delivered by

MASON, J.: A joint school district brought this proceeding in mandamus to require the county superintendent and county commissioners to disorganize an adjoining school district (No. 53 of Saline county), and attach its territory to the plaintiff, because of its failure for two successive years to maintain a school for seven months. An alternative writ was issued, to which an answer was filed. The case was submitted on an agreed statement, and judgment was rendered for the defendants, from which the plaintiff appeals.

1. The defendants urge and the district court held that the plaintiff has no standing to maintain the proceeding. The case is not one brought against a *de facto* municipality to obtain a judgment declaring it void or ordering its dissolution—a proceeding maintainable only by the state. Its purpose, however, is to compel officers to perform a public duty, and if any plaintiff other than the state may maintain it, it must be one having a peculiar interest in the matter—an interest different from that arising from being a member of the community affected. The only interest the present plaintiff asserts grows out of the fact that it would be benefited through the disorganization of the district by the accession of additional territory, whereby the amount of its school taxes would be increased. The manifest purpose of the provision of the statute for the disorganization of school districts which fail to maintain schools is to promote the efficiency of the state's educational machinery by affording adequate school privileges to the residents of such districts. An increase in the tax roll of an adjoining district is no part of the end sought. The circumstance that the plaintiff would be incidentally benefited in that way does not in our judgment give it such a special interest in the matter as to enable it to invoke the action of a court to bring about the change.

2. The district court also found generally for the defendants, and we think the judgment in their favor on the merits was justified by the facts. District No. 53 failed to maintain a school for the school years of 1920-'21 and 1921-'22; that is from the close of the term in April, 1920, to the beginning of the term in September, 1922. School

was maintained, however, for eight months, beginning on the first Monday of September, 1922. When the present action was begun (May 23, 1923) the statute then in effect directed a district to be disorganized when for two successive years it should fail to maintain a school (Laws 1921, ch. 228, § 1); but the legislature had already provided for a statutory change, effective December 27, 1923, making a failure for three successive years to hold school a prerequisite to such disorganization (R. S. 72-818). Whether or not the superintendent and county commissioners might legally disorganize a school district for a past delinquency after it had resumed the maintenance of a school and after the legislature had added another year to the period of cessation required to bring about a disorganization, we think a court is at all events abundantly justified in the exercise of a sound discretion in refusing to compel such action by mandamus. (*The State, ex rel., v. Thomas County,* 116 Kan. 285, 226 Pac. 745.)

The judgment is affirmed.