No. 26,151.

EMIL FLEMMING, *Appellee*, v. THE BOARD OF COUNTY COMMISSION-
ERS OF THE COUNTY OF ELLSWORTH, *Appellant*.

SYLLABUS BY THE COURT.

1. HIGHWAYS—*Establishment by Statutory Proceedings—Landowner's Claim
for Damages.* In a proceeding for laying out a road a landowner is not
entitled to damages or compensation for premises not described in his claim
for damages.

2. ESTOPPEL—*Grounds of—Claims in Judicial Proceedings.* After a board of
county commissioners has laid out a road by the statutory condemnation
proceedings in which a landowner has been allowed damages, it cannot, on
trial of an appeal from the award, defeat recovery or reduce the amount
thereof, by showing a previous dedication by prescription over the same
route, or a part thereof.

3. EVIDENCE—*Parol Evidence Affecting Writing—Highway Records.* The
records of the proceedings of the county commissioners pertaining to laying
out a road, required by law to be kept, and which are unambiguous, cannot
be modified by parol testimony, in a collateral proceeding.

4. EMINENT DOMAIN—*Compensation—Measure of Damages—Interest.* In a
proceeding to condemn private property for public use in laying out a road,
a landowner whose property is appropriated is entitled to interest, or what
amounts to the same thing, damages in the nature of interest, between
the time of the appropriation and the time of the rendition of judgment.

Appeal from Ellsworth district court; DALLAS GROVER, judge. Opinion filed
November 7, 1925. Modified and affirmed.

*Ira E. Lloyd, N. F. Nourse* and *George D. Miner,* county attorney, all of
Ellsworth, for the appellant.
*Samuel E. Bartlett,* of Ellsworth, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This is an appeal from an award of damages for lay-
ing out a road. On the trial plaintiff was allowed a sum in excess
of that allowed by the board of county commissioners, and the
county has appealed.

The road was petitioned for in May, 1916. The owner of land
through which it passed presented a claim for damages in the sum of
$732.75. The road was viewed by the county commissioners acting
as viewers, damages were allowed the owner in the sum of $157.80,

1. Eminent Domain, 20 C. J. § 550.    2. Estoppel, 21 C. J. § 229.    3. Evidence,
22 C. J. § 1427; 10 R. C. L. 1029.    4. Eminent Domain, 20 C. J. § 252; 28 L. R.
A., n. s., 51-79; L. R. A. 1916C, 1109; 10 R. C. L. 163.

the road was allowed and ordered opened, and the owner appealed from the award. This was in September, 1916.

In May, 1917, a new petition was filed to vacate nineteen chains of the road as established in 1916, and to locate a new road over a different course for that distance. The same landowner presented a claim for damages for $2,000. The county commissioners acted as viewers and also upon the petition to vacate and locate, and allowed the petition. They also allowed the landowner's claim of damages in the sum of $662.07, and this was paid; there has been no appeal from that award.

In September, 1917, in the appeal pending, the commissioners, by permission of the court, filed a supplemental answer in which it was alleged that in settling the claim of the landowner for damages to the road in 1917 it was agreed that the $662.07 paid should be in full payment of all damages in both proceedings. Later, and in January, 1922, by permission of the court, a further amendment was made by the county commissioners to the answer, in which it was alleged that part of the road for which the landowner claimed damages had been opened and used as a public highway for more than thirty years. To the answer as so amended the landowner filed a general denial, and this case went to trial upon those issues, with the result above stated.

The landowner's claim of damages presented to the viewers and acted upon by the county commissioners, was "To damage on account of building fences, making gates, upkeep of gates and fences, the taking of land, and injury to land and breaking up pasture and ranch, and other damages to the undersigned, owner of the following described premises and lands, to wit: Section 23 and a fraction of the southwest quarter of section 14," in a certain township and range. Upon the trial he offered evidence that he owned other land, not in sections 23 or 14, and adjoining that land, making in all about 2,160 acres; that a part of the land owned by him in section 24 was taken by the road, as petitioned for, and that his entire ranch was damaged by reason of the location of the road $5 per acre. Other witnesses produced by him placed the damage to the ranch as a whole at from $3 to $5 per acre. Appellant's objection to this evidence was overruled, and complaint is made of that ruling. The statute pertaining to presenting claims for damages specifically provides that the landowner in his claim shall give "a description of the

premises on which damages or compensation are claimed." (R. S. 68-106.)   Appellant contends that by describing no other property in his claim for damages than sections 23 and 14 the owner cannot, upon the trial of the appeal from the award, claim damages to other property.   This point is well taken.   Had the owner presented no claim for damages he would have waived all damages, and it necessarily follows that when in his claim for damages he described the premises on which damages or compensation was claimed as sections 23 and 14, he waived damages to any other land owned by him, and he should not be allowed to enhance the amount of his recovery by claiming damages to other property.   The jury, answering a special question as to how much they allowed the owner for damages to land other than that in sections 23 and 14, answered, "$11.50"; so it appears that this error of the trial court affected the amount of the recovery only in that sum.

Appellant complains because the trial court refused evidence offered that prior to the proceedings to establish the road in question a part of the road had in fact been established by prescription, that it had been opened and used by the public, and public moneys expended improving it, for a period of more than thirty years. There was no error of the court in this respect; the evidence was not competent.   After a board of county commissioners had established a highway by the ordinary condemnation proceedings, in which a landowner had been allowed damages, it cannot, on the trial of an appeal from the award, defeat recovery by showing a previous location of a road over the same route by prescription.   The fact that the county commissioners entertained a petition, viewed and located the road, is an assertion upon their part that no road existed over the route described, or any part of it.   (*Comm'rs of Wabaunsee County v. Bisby,* 37 Kan. 253, 15 Pac. 241; *Cowley County v. Hooker,* 70 Kan. 372, 78 Pac. 847; *Nelson v. Butler County,* 82 Kan. 364, 108 Pac. 797.)

In the answer of the county commissioners it was alleged that the plaintiff's claim for damages in this proceeding had been settled and paid at the time of the road proceedings in 1917.   The record of the road proceedings in 1917 showed that the landowner presented a claim for damages in the sum of $2,000, that the claim was allowed in the sum of $662.07, which was paid.   The record of the proceedings of the board of county commissioners, and other records of the

county clerk's and treasurer's offices, did not show any other purpose in paying the landowner the sum then allowed and paid than upon his claim for damages for vacating and relocating the road then petitioned for. Upon the trial the commissioners offered parol testimony tending to show the records were incorrect, that in fact the sum paid at that time included the landowner's claim for damages upon the road petitioned for in 1916, in which the landowner had been allowed damages, but had appealed therefrom, and his appeal was then pending in the court. The court excluded this parol evidence, and complaint is made of that ruling. There was no error in this respect. The records pertaining to the road proceedings in 1917 are required by law to be kept (R. S. 19-304, 19-305; 68-106, 68-107), and are not ambiguous. The general rule pertaining to varying such records by parol evidence is thus stated:

"Where by law an act *is required to be done in writing, i. e.,* is ineffective unless so done, the writing is of course the only permissible subject of proof. It is immaterial what the person intended; his act must be in the writing and must be judged by the writing alone." (5 Wigmore, 2d ed., p. 305.)

"Parol evidence cannot be received in a collateral proceeding to contradict the records of a public corporation, which are required by law to be kept in writing." (10 R. C. L. 1029.)

"County records and proceedings cannot be varied or contradicted by parol or extrinsic evidence." (22 C. J. 1084.) "The records of highway commissioners cannot be varied by parol." (p. 1085.)

This general rule was applied to the records of a road proceeding in *Russell County v. Sumner,* 71 Kan. 845, 79 Pac. 1132, where it was said:

"There was no error in refusing to permit the county to show by parol evidence that a cattle-pass was in contemplation when the road was laid out and established. Nothing in the proceedings of the board disclosed such a state of facts."

It has also been applied to the record of a city ordinance (*Marshall v. Railroad Co.,* 96 Kan. 470, 152 Pac. 634), to the records of a city council (*Bank v. City of Rosedale,* 108 Kan. 474, 196 Pac. 770), to the records of the state board of administration (*Construction Co. v. Mason,* 109 Kan. 373, 375, 198 Pac. 966), and to the minutes of a private corporation (*Manufacturing Co. v. Porter,* 103 Kan. 84, 172 Pac. 1018).

The jury found the actual damages for location of the road to be $251.50, having been specifically instructed by the court not to in-

clude any interest in reaching their verdict. In a special question submitted by the court the jury found that the amount of interest at six per cent on the damages from the time of the location of the road until the time of the trial was $105.63. In entering judgment the court added this sum to the general verdict and rendered judgment for $357.13. Appellant contends this was error and relies upon the case of *Salthouse v. McPherson County*, 115 Kan. 668, 224 Pac. 70, where it was held that the county is not liable for interest on its obligations unless specially made so by statute. The rule there announced has no application to compensation for property taken for public use under the power of eminent domain, where the requirement is that full compensation for property taken should be paid. The general rule in such proceedings is that where there is a substantial lapse of time between the actual taking of the property and the payment, interest on the damages for the taking of the property from the time of taking until the time of final payment, or what amounts to the same thing, damages in the nature of interest for delay in payment of compensation, is properly allowed. (20 C. J. 806; 10 R. C. L. 163; *Cohen v. St. L. Ft. S. & W. Rld. Co.*, 34 Kan. 158, 8 Pac. 853; *Irrigation Co. v. McLain*, 69 Kan. 334, 76 Pac. 853; *Raney v. Drainage District*, 84 Kan. 688, 115 Pac. 399; *Smith v. Railway Co.*, 90 Kan. 757, 136 Pac. 253; *Calkins v. Railroad Co.*, 102 Kan. 835, 172 Pac. 20.)

Appellant raises some questions pertaining to instructions requested and instructions given, but all of them relate to matters hereinbefore discussed and need not be specially noted.

The judgment will be modified by reducing the same $11.50, with interest thereon at six per cent from the time of the location of the road until the date of judgment, and as so modified will be affirmed.