OSCAR E. RANEY, *Appellee,* v. THE NORTH TOPEKA DRAINAGE DISTRICT, *Appellant.*

No. 17,019.

SYLLABUS BY THE COURT.

1. INSTRUCTIONS—*Failure to Instruct Not Prejudicial Error.* A tract of land was appropriated by a drainage district and a dike constructed across the same sixty feet wide at the base and eight feet above the ground. Witnesses testified as to the usable value of the land not occupied by the dike. The court instructed in general terms that the fee title of the land remained in the owner, and that the drainage district simply acquired the right to build and maintain the dike. *Held,* that the failure to instruct specifically that the owner has the right to such use of the land as will not interfere with the maintenance of the dike was not prejudicial error.

2. DAMAGES—*Interest.* The allowance of interest on the damages from the time of the construction of the dike was proper.

Appeal from Shawnee district court. Opinion filed May 6, 1911. Affirmed.

*N. B. Arnold,* and *J. B. Larimer,* for the appellant.

*T. F. Garver,* and *R. D. Garver,* for the appellee.

The opinion of the court was delivered by

PORTER, J.: The North Topeka Drainage District by condemnation proceedings appropriated land belonging to Raney for the purpose of constructing a dike to prevent the overflow of the Kansas river. Raney appealed

to the district court from the award of damages. The jury fixed the damages at the sum of $2000 and allowed interest thereon from the time the dike was constructed. The drainage district appeals from this judgment.

The principal error claimed relates to the instructions. The court refused to instruct the jury as follows: ·

"The condemnation and appropriation by defendant of the land in question did not devest plaintiff of his title but only permits defendant to use the same for the purpose of constructing and maintaining a dike thereon, and the plaintiff still has the right to the free and full use of all the land included in said right of way for any purpose that will not interfere with the maintenance of such dike."

The court gave instead the following instruction:

"You are also instructed that the drainage district by the condemnation and appropriation of this particular piece of land for the purpose of building the dike did not acquire the free title to any part of the land, but that remains in the plaintiff, the owner, and the drainage district simply acquired the right to build and maintain that dike there for public purposes and the plaintiff still remains the owner of all the land in the contract, and in case that dike should cease to exist for the purposes for which it was constructed, then the ownership of the entire tract as well as the right to possession would revert back to the plaintiff in this case."

The defendant insists that the jury should have been instructed that the plaintiff would have the right to such use of the land as would not interfere with the maintenance of the dike. We think an instruction to this effect should have been given, but its refusal can not be regarded as substantial error under all the circumstances of the case. The jury were instructed that the fee title of the land remained in the plaintiff, that he was the owner and that the drainage district only acquired the right to build and maintain the dike thereon. It is apparent that the jury were not misled

as to the real issue. The land is a tract 200 by 200 feet on the north bank of the Kansas river. The drainage district constructed across the tract an embankment sixty feet wide at the base and eight feet above the surface of the ground. The dirt for the embankment was taken from the land lying south of the dike, and this part of the tract is practically of little usable value. In periods of high water it becomes necessarily a part of the bed of the river. The land not taken consists of a triangular strip fifty feet wide on the west end and extending along the north side of the embankment east ninety feet where it runs out to a point. The witnesses for the plaintiff testified that this was worth not to exceed $100. Of course, it is not seriously contended that the plaintiff could make any use of the land upon which the dike stands. There was testimony as to the value of the two strips of land not occupied by the embankment and what use if any could be made of them by the plaintiff, and the failure of the court to inform the jury that he still has the right to such use so far as the same will not interfere with the maintenance of the dike could hardly have prejudiced the defendant. (See the case of *L. T. & S. W. Rly. Co. v. Paul,* 28 Kan. 816, where the trial court had instructed the jury in general terms that the fee-simple title remains in the plaintiff, subject to the use by the company for the purposes for which it was condemned, and it was held that the refusal to instruct specifically that the plaintiff had the right to every use of it not inconsistent with the operation of the road was not error under the circumstances of that case.) In the present case none of the plaintiff's witnesses considered the land south of the embankment of any usable value after the appropriation, and several witnesses for the defendant testified that the entire tract was of no value either before or after it was taken. In fact, one of the points relied upon here is that the verdict is excessive and contrary to the evidence. It appears that the plaintiff purchased the land in 1903,

before the flood of that year, for $1800. He produced a number of witnesses experienced in real-estate values who testified that the entire tract immediately before it was condemned was worth $2500 and immediately thereafter was worth not to exceed $100. There was a remarkable conflict in the evidence, but the jury have determined the issue against the defendant and we are bound by their finding. The allowance of interest from the time the embankment was actually constructed was proper. (*Irrigation Co. v. McLain,* 69 Kan. 334.)

The judgment is affirmed.