No. 18,566.

H. C. ROGERS, *Appellee*, v. THE KANSAS COÖPERATIVE REFINING COMPANY, *Appellant.*

SYLLABUS BY THE COURT.

NEGLIGENCE—*Failure to Provide Safe Place to Work—Personal Injuries—Special Findings—Sustained by the Evidence.* In an action to recover for personal injuries to an employee, the jury, in answer to special questions, found that the injuries were caused by the negligence of the defendant in failing to exercise reasonable care to provide the plaintiff a safe place in which to work. The findings are held to be consistent and to be sustained by evidence; and since they overturn every defense interposed and no trial errors appear, the judgment must be affirmed.

Appeal from Neosho district court; JAMES W. FINLEY, judge. Opinion filed January 10, 1914. Affirmed.

*S. W. Brewster,* of Chanute, for the appellant.

*T. F. Morrison,* of Chanute, for the appellee.

The opinion of the court was delivered by

PORTER, J.: The plaintiff, while working in the capacity of stillman at the defendant's oil refinery, was burned by hot tar. He recovered judgment for damages from which defendant appeals.

What is called the tar line consists of a three-inch iron pipe one hundred and fifty feet long, which runs from the still to the pump house. In the process of refining the oil a residue of heated tar and oil accumulates in the line which it is necessary to remove before it cools and becomes coked. At the front of the still there was a three-inch iron plug on the end of the pipe, and in order to clean out the line it was the duty of the plaintiff to start the pump running and to unscrew the plug. Plaintiff claims that after starting the pump and removing the plug, the pump, by reason of its defective condition and lack of repair, suddenly stopped, causing the heated tar and oil suddenly to gush out upon him, whereby he sustained serious injuries. He alleges that the defendant was negligent in failing to provide him a safe place in which to work and in failing to furnish reasonably safe appliances; that the dangers and defects were known to the defendant and were unknown to him. The defenses relied upon were: first, that no negligence of the defendant was established; second, contributory negligence; third, assumption of risk.

A careful examination of the record fails to disclose any ground for a reversal of the judgment. Every question of law suggested in the briefs has been decided against the defendant's contentions in numerous decisions and has been passed upon and considered in a number of quite recent cases, so that a discussion of them at this time is not deemed necessary. The case is

purely one of fact, and the facts have all been deter-mined against the defendant. Thirty-five questions were prepared by defendant to be answered by the jury. The court submitted twenty-five of these and refused the others. The refusal is complained of, but the matter rested in the sound discretion of the court. (*Evans v. Moseley,* 84 Kan. 322, 114 Pac. 374.) In this case we think the court might well have further limited the number.

The jury find that defendant failed to exercise reasonable care and diligence to provide the plaintiff a safe place and safe appliances; that the pump was out of order; that under the method of cleaning the pipes a stopcock should have been provided in place of a plug. We fail to discover any inconsistency in the answers of the jury to the separate questions and the findings are abundantly sustained by the evidence offered by the plaintiff as well as by testimony of the defendant's witnesses. The general verdict is against the claim of contributory negligence; and besides, the evidence shows that plaintiff at the time he was injured was following the directions of the superintendent of the refinery. The net result is that every one of the defenses was overturned by the findings.

The jury find that plaintiff had no knowledge of the dangers and defects, and that the defendant had such knowledge. The plaintiff only assumed the dangers which would arise after the defendant had exercised reasonable diligence to make the place and appliances reasonably safe. (*Every v. Rains,* 84 Kan. 560, 115 Pac. 114.)

It is insisted that it was error to permit a showing that immediately after the accident the defendant caused changes to be made in the appliances used, which changes were obviously designed to prevent a recurrence of such accidents. Cases are cited from other courts in support of the contention. In this state evi-

23—91 KAN.

dence of subsequent changes and alterations has been held competent. (*Howard v. Osage City,* 89 Kan. 205, 132 Pac. 187, and cases cited in the opinion at page 208.) Besides, the evidence appears to have been made competent and relevant by the defendant's claim in the opening statement to the effect that no changes or alterations had been made, and that the appliances were not defective.

The court charged the jury that certain claims of negligence should not be considered because no evidence had been offered in support thereof, and the instructions fairly presented the real issues. There was no error in the refusal of the instructions asked, since the court in other instructions embodied substantially the same principles of law. (*Raney v. Drainage District,* 84 Kan. 688, 115 Pac. 399.)

We discover no error in the record, and the judgment will be affirmed.