No. 18,566.

## H. C. ROGERS, *Appellee,* v. THE KANSAS COÖPERATIVE REFINING COMPANY, *Appellant.*

OPINION DENYING A REHEARING.

Appeal from Neosho district court; JAMES W. FIN-LEY, judge. Opinion denying a rehearing filed April 11, 1914. (For original opinion of affirmance see 91 Kan. 351, 137 Pac. 991.)

*S. W. Brewster,* of Chanute, for the appellant.

*T. F. Morrison,* of Chanute, for the appellee.

*Per Curiam:* The opinion in this case is reported in 91 Kan. 351, 137 Pac. 991.

By leave of court a supplemental petition for rehearing has been filed by the manager of the defendant company, to which are attached photographs of defendant's refinery for the purpose of explaining to the court the various processes through which crude petroleum passes before it is refined; also a supplemental abstract setting forth some additional testimony of the defendant's witnesses at the trial, for the purpose of showing that the verdict of the jury is contrary to the weight of the evidence. It is insisted that both the trial court and the jury, as well as this court, failed to understand the methods by which the defendant conducts its refinery, and that by reason of this misunderstanding the defendant will, unless a rehearing is granted, be compelled to pay an unjust judgment. It is claimed that the expert witnesses called by the defendant were better qualified by experience and should be believed in preference to the expert witnesses who testified for the plaintiff. On the trial the plaintiff testified that on the morning of the accident he was instructed by Mr. Woodward, the manager, to do just what he was doing at the time he was injured. Mr. Woodward died before the trial; and we are now presented with an abstract of the testimony of Mr. Knapp, who was a witness for the defendant and who testified that Mr. Woodward did not arrive at the plant on that morning until after the accident occurred.

It is sufficient answer to all these contentions to say that the jury passed upon the evidence and saw fit to believe the testimony of the plaintiff's witnesses in preference to those of the defendant, and that it is no part of the duty of this court to weigh the evidence. The pump may or may not have been out

of repair; the jury found that it was. The statements in the opinion respecting the manner in which the plaintiff was injured and the methods by which the crude oil is refined may or may not be scientifically correct. They are supported, however, by the testimony of the plaintiff's witnesses and by the verdict and special findings. That the testimony introduced by the defendant contradicts some of the statements made in the opinion is true. The case here must be decided upon the theory that the facts found by the jury are the facts of the case.

The petition is denied.