No. 33,302

RANDALL ATKINSON, *Appellee*, v. THE CARDINAL STAGE LINES COMPANY, *Appellant*.

(66 P. 2d 553)

Opinion filed April 10, 1937.

*W. S. Norris, Roy A. Smith, Homer B. Jenkins*, all of Salina, *C. H. Brooks, Howard T. Fleeson, Fred W. Aley, Carl G. Tebbe, Wayne Coulson* and *Paul R. Kitch*, all of Wichita, for the appellant.

*C. L. Kagey, Hal M. Black, L. M. Kagey*, all of Wichita, and *H. S. Gurley*, of Blackwell, Okla., for the appellee.

The opinion of the court was delivered by

THIELE, J.: This was an action to recover for injuries resulting from an accident on a highway.

At the trial the jury returned a general verdict in favor of the plaintiff and answered special questions submitted by the court. Within three days the plaintiff filed his motion asking that the verdict of the jury be set aside and a new trial granted. On the same day defendant filed three motions, one to set aside portions of the special findings as being contrary to the uncontradicted evidence and not supported by such evidence, and contrary to and inconsistent with other special findings; the second, to have the general verdict and certain findings vacated and a judgment rendered in favor of defendant notwithstanding the general verdict; and a third, asking that the general verdict be set aside and judgment rendered on the special findings in favor of the defendant. We need not notice the detailed grounds alleged in each motion.

While the above motions were pending the term of the trial court ended, and at the succeeding term all of the motions were taken up for hearing and denied, and immediately thereafter the trial court, on its own motion, ordered a new trial because some of the answers of the jury to the special questions were inconsistent with each other and with the general verdict.

The defendant appeals, assigning as error the rulings of the court on its motions and in ordering a new trial. In its brief it presents two questions. The first is that where the special findings of the jury acquit defendant of any negligence, and the negligence found by the jury—if negligence at all—is not pleaded, and the trial court, upon its own motion, orders a new trial for stated reasons which are insufficient as a matter of law, is the defendant entitled to have judgment ordered in its favor?

The appellant has not abstracted any of the evidence, and apparently abandons any claim the special findings are contrary to or unsupported by the evidence. No good purpose will be served by any extended discussion. The jury found the defendant was guilty of negligence, and specifically, that due to failure of brakes the defendant's driver was forced to drive his bus around plaintiff and cut in close, and scraped plaintiff's car, causing plaintiff to lose control. The allegation of negligence in the petition was that the bus was driven at a high and dangerous speed when the brakes were defective, and on account of such defective condition could not be stopped in order to avoid a collision. We cannot say there was variance between pleading and proof. Appellant is not in a position to complain of the trial court's order unless the special findings ac-

quit it of negligence. In answer to other questions, the jury found that plaintiff was driving in the right lane of traffic and did not move to the right when the bus driver sounded the horn on the bus, that there was room on the highway for plaintiff to have pulled to the right, and the following answer was made to the 15th question:

"Q. If plaintiff had pulled over to the right when he was told by Olson of the approach of defendant's bus from the rear, would the bus have passed the Ford without touching it? A. We do not know."

With these answers returned by the jury, defendant was not entitled to judgment in its favor, and we pass to consideration of the next question: May the district court, upon its own motion, disapprove the special findings of the jury and grant a new trial after the term in which the verdict and special findings were returned had expired? Although, under this head, appellant cites a number of cases with reference to the effect of expiration of the term on a judgment therein rendered, there is no basis here to contend that a judgment was rendered at the term prior to that in which the motions were ruled upon, and therefore we need not discuss those cases. It has been noted that in addition to the general verdict, special findings were requested, and were made. The two following sections of our code of civil procedure apply:

"When a trial by jury has been had, judgment must be entered by the clerk in conformity to the verdict, unless it is special or the court order the case to be reserved for future argument or consideration." (G. S. 1935, 60-3117.)

"Where the verdict is special, or where there has been a special finding on particular questions of fact, or where the court has ordered the case to be reserved, it shall order what judgment shall be entered." (G. S. 1935, 60-3118.)

It follows that judgment did not, as a matter of course, follow return of the general verdict, and that until the trial court ordered what judgment should be entered, there was no judgment. It is not contended any judgment was ordered on the general verdict and special findings. When the trial court ruled on the motions, the ruling did not have the effect of setting aside a judgment rendered at a prior term.

Further, the whole record indicates the trial court was not satisfied with the verdict, and under such circumstances its order granting a new trial would ordinarily not be reversed. (*Armourdale State Bank v. Hoel*, 120 Kan. 130, 242 Pac. 481; *Durkin v. Kansas City Public Service Co.*, 138 Kan. 558, 27 P. 2d 259.)

It does not appear the trial court erred, and its order for a new trial is affirmed.