No. 33,996

J. C. KENNEDY and ELIZABETH D. KENNEDY, His Wife, *Appellees,* v. THE GREAT LAKES PIPE LINE COMPANY, *Appellant.*

(86 P. 2d 521)

Opinion filed January 28, 1939.

*Edward H. Coughlin, Robert E. Coughlin,* both of Paola, *Charles M. Blackmar* and *Ralph M. Jones,* both of Kansas City, Mo., for the appellant.

*Karl V. Shawver,* of Paola, for the appellees.

The opinion of the court was delivered by

SMITH, J.: This was an action for damages occasioned by the construction of a pipe line across land owned by plaintiffs. Judgment was for plaintiffs. Defendant appeals.

The line, the construction of which gave rise to this action, was the second laid by defendant across this particular farm. The original right-of-way agreement provided that the defendant could lay a second line if it saw fit to do so, but should pay plaintiffs one dollar a rod for this privilege, and that such line should be laid parallel with the original line and on a strip of land thirty-three feet wide. The agreement also provided that defendant should pay reasonable damages to growing crops, fences and improvements occasioned by constructing or repairing this pipe line or in any manner occasioned by operating and maintaining this pipe line.

The petition alleged damages under the above provision to growing crops of corn and wheat and $640 for depreciation in value of

the farm. The jury returned a verdict for $652.10. Special questions were answered as follows:

> "Damage to corn.................................... $110.00
> Damage to wheat................................... 107.10
> Damage to farm.................................... 435.00

"Q. 2. If you find that plaintiffs suffered any damage to their real estate, do you find that damage was temporary? A. Yes.

"Q. 5. If you find that any damage complained of by the plaintiffs is permanent, then state upon what fact or condition you base said finding. A. No permanent damage."

The defendant filed a motion to set aside the general verdict, and to render judgment on the special verdict on the ground of the inconsistency between the $435 item of damage to the farm included in the general verdict and the special finding of no permanent damage. A motion for a new trial was also filed. One of the grounds relied on for this motion was the excessiveness of the verdict. The motions were both overruled and judgment rendered for the full amount of the verdict.

On this appeal defendant does not argue against the allowance of the two items for damage to corn and to wheat. It argues that the item for "damage to farm" was based on evidence of permanent damage and that this item was eliminated by the finding of the jury that there was no permanent damage.

It will be noted that the jury found that the damage to the farm was temporary and that no permanent damage was done—hence the jury must have meant the $435 item to be temporary damage. The trial court instructed on both temporary and permanent damage. The measure of permanent damages was stated to be the difference in market value of the land before and after the damage was claimed to have been done. The measure of temporary damages was stated to be the amount of loss of income or rental value to the landowner. Evidence was received on both these theories. The theory upon which plaintiff claimed temporary damages was that ridges were made in the soil preventing drainage and heavy machinery was hauled over some of the land, causing it to become packed so hard that it could not be plowed. There was some evidence that it would not reach a state where it would be restored to productivity for five years. On this point there was the testimony of several witnesses. The most that any witness testified the loss of income amounted to was $320. It will be noted that the jury

found the item to be $435 or more than $100 in excess of what the witnesses testified to. We are unable to find evidence to warrant the jury in bringing in a verdict for the larger amount. There was testimony on the question of the difference in market value of the farm, that it amounted to $2 an acre. Had the jury found that the farm had been permanently damaged in the amount awarded then this evidence would have sustained a verdict for the amount found. The jury was not entitled to find a verdict in excess of the amount of damage shown by the evidence. (See *W. & C. Rly. Co. v. Gibbs,* 47 Kan. 274, 27 Pac. 991.)

With reference to this question, plaintiffs argue that one witness testified that the land in question would not be restored to complete productivity for more than five years, and since one witness testified that the loss of income would be $320 the jury might very well have taken the highest figure testified to, that is, $320, and then added what appeared to be the amount the farm was damaged beyond the five-year period and thus arrived at the figure of $435.

The trouble with that argument is that there was no evidence offered as to the amount the farm was damaged beyond the five-year period. In fact, the evidence upon which plaintiffs rely here was more nearly competent on the question of whether the farm had suffered permanent damage than on the amount of temporary damage. All these facts and circumstances lead us to the conclusion that either the amount found by the jury as damage to the farm was based in part on speculation or in part or in whole on the evidence offered as to permanent damage. In the former case the item is not supported by sufficient competent evidence and in the latter case the item is inconsistent with the special findings.

The judgment of the trial court is modified by eliminating therefrom the item of $435 as damage to farm, and as so modified is affirmed.