No. 37,639

In the Matter of the Application of Great Lakes Pipe Line Company, a corporation, for the Exercise of the Right of Eminent Domain, GREAT LAKES PIPE LINE COMPANY, a corporation, *Appellant*, v. KNOWLTON E. CARSON, as Administrator of the Estate of Charles E. Scott, Deceased, and ROSE JANE SCOTT, *Appellees*.

(211 P. 2d 70)

Opinion filed November 12, 1949.

*Ralph M. Jones*, of Kansas City, Mo., argued the cause, and *Willard L. Phillips*, of Kansas City, was with him on the briefs for the appellant.

*Leonard O. Thomas*, of Kansas City, argued the cause, and *Arthur J. Stanley, Arthur J. Stanley, Jr., J. E. Schroeder* and *Lee E. Weeks*, all of Kansas City were with him on the briefs for the appellees.

The opinion of the court was  delivered by

THIELE, J.: This was a proceedings for the exercise of the right of eminent domain. The Great Lakes Pipe Line Company, a corporation, hereafter referred to as the Company, appeals from a judgment fixing the damages of the landowners.

In its petition for exercise of the right of eminent domain the Company stated it desired to acquire a thirty-foot right of way to construct pipe line or lines parelleling and adjacent to its two

existing lines "to be buried at least two feet under the surface of the ground" over lands owned by Charles E. Scott, and which need not be described. On October 8, 1945, the district court found that the Company had the power of eminent domain and that acquisition of the right of way was necessary to the Company's corporate purposes, and it appointed appraisers, who filed their report fixing the damages to the landowners at $1,800. On November 17, 1945, the Company filed its appeal from the appraisement and at the same time paid the court costs and appraisers' fees and deposited the sum of $1,800 with the clerk of the court under an order of the court that that sum should be held by the clerk pending final determination of the appeal and the further order of the court. Before the appeal was tried Scott died, and an administrator of his estate was appointed, the action was revived, and his administrator substituted. There is no controversy as to any of the above matters. No question is raised as to the Company's right to appeal under the circumstances and that question will not be discussed.

When the appeal was heard in the district court each party offered proof of the value of the land taken and of the damage to the land not taken. There was no dispute but that the land taken amounted to 1.894 acres. It was stipulated that there were eighty-six acres in the field involved. At the close of the evidence it was agreed the court should not submit the cause to the jury for a general verdict but should submit special questions and then render such judgment as was proper. The court then instructed the jury and submitted questions which the jury answered. Upon the Company's request the jury was returned to make a more definite answer to question No. 3. The questions and answers were as follows:

"1. What was the reasonable market value per acre of the 86-acre tract of land referred to in the evidence in this case as of the month of October, 1945?

"Answer: $400.00 per acre.

"2. What was the reasonable market value of the right of way, described in the evidence in this case, acquired by the plaintiff Great Lakes Pipe Line Company, as of the month of October, 1945?

"Answer: $1,200.00.

"3. What factors, disclosed by the evidence, do you take into consideration when fixing the market value of the right of way, as answered in Question No. 2?

"First Answer: (Reasonable market value as of October, 1945. Additional $400.00 granted due to type of easement.)

"Revised Answer: Reasonable market value of approximately two acres of land involved as of October, 1945. Also character of easement granted.

"4. Do you find from the evidence that the remainder of the tract not taken by the condemnation proceedings was damaged as a result of the taking of the right of way by the plaintiff Great Lakes Pipe Line Company?

"Answer: Yes.

"5. If you answer Question No. 4 yes, then state the amount of said damage.

"Answer: $35.00 per acre.

"6. If you answer Question No. 4 yes, then state specifically in what manner the taking of the right of way caused the remainder not taken to depreciate in value.

"Answer: Rendered less desirable from the standpoint of agricultural use and resale value due to type of easement.

"7. Was the highest and best use of this tract of ground for which it had a market value as of October, 1945?

"(a) Truck garden use?

"(b) Industrial use?

"Answer: Truck gardening."

The Company's motion, that the answers Nos. 2, 3, 5 and 6, be set aside as contrary to the evidence, unsupported by the evidence or the result of bias, prejudice and passion, was denied except that answer 2 was reduced to $757.64. The Company's motion for a new trial was likewise denied. The landowners' motion that they be allowed interest from October 8, 1945 (date of the order allowing the petition) to the date the judgment is paid, was allowed. Judgment was rendered against the Company for $3,697.64 and interest from October 8, 1945, and for costs. In due time the Company perfected its appeal from the judgment and adverse rulings. In its abstract it specifies error in the particulars hereafter discussed.

The company's first contention is there is no evidence to support the jury's answer No. 5 that the damage to the land not taken was $35 per acre. It directs our attention to *Kiser v. Phillips Pipe Line Co.*, 141 Kan. 333, 41 P. 2d 1010, and to *Kennedy v. Great Lakes Pipe Line Co.*, 149 Kan. 48, 86 P. 2d 521, and argues that the evidence as to damage to land not taken was limited to damages to the land for industrial purposes; that the jury by its answer No. 7 found its highest use was for agricultural purposes and there is no evidence as to damage for that use. In the Kiser case the jury, answering special questions, found the amount of damages to items that were temporary and to real estate which was permanent, but it also found that the damage to the real estate was temporary. This court held that in view of the latter answer, there could be no recovery for the permanent damages. In the Kennedy case a similar situation was disclosed. The jury found the amount of damages to crops and also to the land, but by another finding found

the damage to the plaintiff was temporary. This court eliminated the damage to the real estate. In our opinion these cases do not control here. There is no finding that the damage is temporary, and so far as the landowners are concerned their evidence proved permanent and not temporary damages. It is true that witnesses were questioned at length about the most advantageous use to which the lands could be put, and those called by the landowners expressed an opinion that it was for industrial purposes, but without reciting the testimony, they also testified to the present use of the lands for farming purposes. The Company's witnesses stated the most advantageous use was for agricultural purposes and while they expressed the opinion the right of way did not damage the remainder of the land, that testimony was disputed, or, on cross-examination, was shown to be arrived at without regard to all factors involved. The landowners' testimony as to damage to land not taken was from $40 to $50 per acre. Under instructions of which no complaint was made, the jury had a right to take into consideration that while the pipe lines had to be laid two feet below the surface, the Company was under no obligation to maintain them in that condition. The jury could also consider that although the two lines previously laid by the Company had been so installed, by reason of washing or other cause, at places they were now not buried over a few inches. That this situation might soon arise with respect to new lines laid can hardly be said to be speculative, and that if so, it made farming of the entire tract more difficult was certainly an inference the jury was entitled to make. We need not discuss the fact that the jury, as well as men in common, know that an easement dividing a tract of land adversely affects its value as a unit. The Company's contention there is no evidence to support the jury's answer No. 5 cannot be sustained.

Appellant next contends that it had requested the court to instruct the jury that in determining the value of the right of way taken it should consider the value of the use remaining in the owner, particularly the right to use the property for farming or any other use not in conflict with the use granted. In our opinion this request was substanially covered by the court's instructions which, among other things, advised the jury they should take into consideration the use, if any, of the land included in the right of way to the owner of the land, and all other matters and things disclosed by the evidence touching on the point. After directing attention to the

fact the jury found the market value of the entire tract was $400 per acre, and that the court had cut down the amount found by the jury in its answer No. 2 from $1,200 to $757.64 (being $400 multiplied by 1.894, the number of acres taken), the Company argues that the evidence discloses that the use of the easement for farming purposes was not interfered with; that the fact is that the only damage occurred when the line was constructed; that it was temporary in nature, and that there was no actual damage. This argument is predicated on a consideration of evidence favorable to the Company and ignores evidence favorable to the landowners, some of which is mentioned above. It also ignores the fact that under the easement taken, the Company is entitled to lay as many lines as it is possible to put in the strip condemned. If we give full effect to the argument as made by the Company, it leads to a conclusion that if the line which has been laid had been installed during a period when there was no crop on the land, the landowners would not be entitled to anything. In our opinion it may not be said that the judgment as to the value of the land taken is not supported by the evidence nor may it be said that that part of the total amount allowed should be stricken from the judgment.

The Company also argues that even if there was testimony to support the judgment as to the value of the right of way and of the damage to the land not taken, the judgment is nevertheless excessive. The argument on this contention is predicated on the Company's interpretation of the evidence. No particular purpose will be served by setting forth a detailed statement showing what each witness testified. We have examined the record fully, have considered the fact the jury under admonitions of which no complaint is made was taken to the scene to view the land, and have concluded that it may not be said the judgment is excessive.

And finally, the Company contends the court erred in allowing interest. In its instructions to the jury, nothing was said concerning interest, and no special question was asked with respect thereto. As has been noted the motion of the landowners for interest was allowed. The gist of the Company's contention is that the evidence disclosed that the farm had been rented continuously since the proceeding was instituted, without any diminution of rents, and that as the landowners suffered no loss by reason of the condemnation, it is more than full compensation to have interest added after the value and amount of the damage is determined. In support it

quotes at length from *Irrigation Co. v. McLain*, 69 Kan. 334, 76 Pac. 853. In that case it was said:

"In condemnation appeals the issue is, What shall be full compensation? Interest is allowed merely as a means of securing such compensation. If, upon the condemnation of land, complete deprivation do not follow at once, still, further tenure is rendered precarious. Possession may be disturbed at any time, and all property rights are exercisable only under doubt and uncertainty as to their duration. As a recompense for the loss attending this embarrassed use of the land and this qualification of dominion over it pending the payment of the condemnation money, interest may be allowed. If, however, as a matter of fact the owner should suffer no injury in these respects no occasion for compensation by way of interest would arise. The owner should not have his land and interest too, for the constitution does not contemplate the payment of anything beyond full compensation. It is the better rule, therefore, to allow interest on general damages from the date of condemnation, then reduce the amount by the value, if any, to the owner of whatever subsequent possession and use of the land he has enjoyed. (2 Lew. Em. Dom., 2d ed., § 499; Rand. Em. Dom. § 280.) The instructions given, to which due exception was taken, gave the jury no opportunity to apply this rule, although the evidence clearly indicated an opportunity for its just and beneficial use." (l. c. 341.)

In the case before us, the question of extent of use, amount of rents, etc., was inquired into at the trial, but the Company offered no proof of the value of the limited use the landowners could or did make of the strip condemned.

No question of interest was raised by the instructions, and under the instructions, to which no complaint was made, the jury was directed to determine the reasonable market value of the right of way and easement as of October, 1945, and the damages, if any, to the remainder of the land. There is no showing that the jurors considered interest in answering the questions submitted, and we cannot assume that they did. That however is only a part of what we have to consider. When the appraisers' report was filed, the Company paid the award made and immediately procured an order that the amount thereof should be held until its appeal was determined, thus preventing the landowners from receiving the benefits. The Company immediately proceeded to take possession of the right of way and installed its pipe line. Thus, the Company had the benefit of its condemnation and the landowners, by reason of the Company's procuring the court order, had nothing. The Company had a right to appeal. If the award on appeal was less than the award of the appraisers, there would be good reason to say it should not pay interest, but it took the chance that the final award would be greater. In *Flemming v. Ellsworth County Comm'rs*, 119 Kan. 598, 240 Pac.

591, proceedings to lay out a road were under consideration. In disposing of a contention concerning the right to recover interest it was said:

The general rule in such proceedings is that where there is a substantial lapse of time between the actual taking of the property and the payment, interest on the damages for the taking of the property from the time of taking until the time of final payment, or what amounts to the same thing, damages in the nature of interest for delay in payment of compensation, is properly allowed. (20 C. J. 806; 10 R. C. L. 163; *Cohen v. St. L. Ft. S. & W. Rld. Co.,* 34 Kan. 158, 8 Pac. 853; *Irrigation Co. v. McLain,* 69 Kan. 334, 76 Pac. 853; *Raney v. Drainage District,* 84 Kan. 688, 115 Pac. 399; *Smith v. Railway Co.,* 90 Kan. 757, 136 Pac. 253; *Calkins v. Railroad Co.,* 102 Kan. 835, 172 Pac. 20.) (l. c. 602.)

And see also *Bruna v. State Highway Comm.,* 146 Kan. 375, 69 P. 2d 743, where the right to recover interest was considered and where the rule of the last cited case was approved.

We are of opinion that under the facts of this case, the matter of interest did not enter into the jury's determination of the amount of damage sustained by the landowners as of the date of the taking, that delay in the payment to the landowners of damages for the taking is attributable to the Company, that the answers of the jury as to the value of the land taken and damage to the remainder, approved by the court and made the basis of its judgment, warranted the court in further adjudging that that amount should bear interest as provided in the judgment.

No error appearing, the judgment of the district court is affirmed.