No. 40,525

Loretta R. Burke, Loretta R. Burke, Executrix of the Last Will and Testament of William R. Burke, Deceased; Edmund F. Burke and James J. Burke, *Appellants*, v. The Board of Education of Common School District No. 110, Johnson County, State of Kansas, *Appellee*.

(313 P. 2d 272)

Opinion filed July 3, 1957.

*Elmer Hoge,* of Overland Park, argued the cause and was on the briefs for appellants.

*Stuart D. Mitchelson,* of Mission, argued the cause, and *A. F. Pflumm,* of Mission, was with him on the briefs for appellee.

The opinion of the court was delivered by

SCHROEDER, J.: This is an appeal by the landowners in a condemnation case in which the only question is the amount of interest allowed by the lower court on the judgment awarding compensation.

The appellants were the owners of real property located in the Northeast Quarter of Section 36, Township 12, Range 24, Johnson County, Kansas, of which the appellee, The Board of Education of Common School District No. 110 of Johnson County, under the right of eminent domain took 8.502 acres for school purposes. The appellee, hereinafter referred to as the School Board, filed its petition in condemnation on the 29th day of November, 1954, in the district court of Johnson County, Kansas. On that date the court determined the sufficiency of the petition, found that the School Board had the power of eminent domain, and found that the lands sought to be condemned were necessary to the lawful purposes of the School Board. It thereupon appointed three commissioners to appraise the value of said lands and assess the damages for the taking of the same. The commissioners published notice that they would meet on December 17, 1954, to appraise the value of said lands and determine the damage, if any, to the remaining tract.

On December 28, 1954, the commissioners filed with the clerk of the district court their report, dated December 17, 1954, in which they appraised the lands taken at $1,500.00 per acre, or a total of $12,753.00, and on December 28, 1954, the court approved the appraisement. On the same date, December 28, 1954, the School Board paid into the court the amount of the award and court costs.

The appellants appealed to the district court from the award

and the case was tried to a jury on the 17th day of June, 1955. The School Board did not appeal. The jury awarded $1,500.00 per acre for the lands taken, and allowed the sum of $2,649.80 for damages to the remaining tract, the commissioners having awarded nothing as damage to the remaining tract. The total award was thus increased by the jury to the figure of $15,402.80.

The School Board filed a motion for a new trial within three days but it was not brought before the court until a motion for judgment was filed more than one year thereafter by the appellants as follows:

"MOTION FOR JUDGMENT.

"Come now the above named Plaintiffs and move the Court for an order in the event that the Defendant's motion for a new trial be overruled, entering judgment for Plaintiffs and against Defendant in the sum of Fifteen Thousand Four Hundred Two and Eighty Hundredths ($15,402.80) Dollars, together with interest thereon at the rate of six (6%) per cent per annum from the 17th day of December, 1954, to the 17th day of June, 1955, and with interest on the aggregate sum at the rate of six (6%) per cent per annum from the 17th day of June, 1955, until satisfied, and for the cost of this action."

Hearing was set for the 17th day of July, 1956. On that date the School Board appeared and withdrew its motion for a new trial.

The journal entry of judgment recited the stipulations of the parties. Among them was a stipulation "That the date of taking the property owned by the plaintiffs was December 17, 1954." Other stipulations recited the substance of the facts heretofore related.

Following the stipulations pertinent portions of the journal entry material herein read as follows:

"The defendant withdraws motion for new trial and argument is presented on plaintiffs' motion for judgment.

"And the court being fully advised in the premises after hearing said arguments, doth find:

"1. That the plaintiffs are entitled to interest at the rate of 6% per annum on the amount of $2,649.80, from December 17, 1956, [1954] until paid.

"2. That the plaintiffs be not allowed interest on the money paid in to the court within thirty days after the return of the appraisers.

"It Is Therefore Considered, Ordered, Adjudged and Decreed that the plaintiffs have judgment against the defendant in the amount of $15,402.80 plus interest at the rate of 6% per annum from December 17, 1954, on the sum of $2,649.80, until paid, making the amount of the judgment $15,654.61."

On the 18th day of July, 1956, the School Board made full payment of the balance to the clerk of the district court.

The appellants filed a motion to set aside the judgment, and requested the court to enter judgment in accordance with the motion for judgment heretofore related in full.

This motion of the appellants was overruled on the 24th day of July, 1956, and appeal was properly taken therefrom and from all other rulings adverse to the appellants.

Six specifications of error are set forth, all of which resolve into the single question of interest computation. Insofar as is material to a ruling herein these specifications will be presented in discussing the questions involved.

The first question involves the date from which interest is to be computed in a condemnation action *on the facts hereinbefore set forth*. It must be noted that prior to the order of the district court on the 17th day of July, 1956, the parties *stipulated* that the date of the taking of the property owned by the appellants was December 17, 1954. It was upon this stipulation that the court entered its order. The record discloses that the reason this date was specified in the stipulation as the date of the taking was that construction equipment was moved on the premises on this date at the directions of the School Board. (See: *Cohen v. St. L., Ft. S. & W. Rld. Co.,* 34 Kan. 158, 8 Pac. 138.)

Appellants' stipulation estops them from declaring any other date as the date of taking. It was only in the post-trial motion after judgment had been entered that the appellants disagreed with their prior stipulation. (*Clark v. Missouri Pac. Rld. Co.,* 134 Kan. 769, 8 P. 2d 359; *Tamsk v. Continental Oil Co.,* 158 Kan. 747, 150 P. 2d 326; and *Stanolind Oil & Gas Co. v. Cities Service Gas Co.,* 181 Kan. 526, 313 P. 2d 279.)

The right of the appellants to recover interest is not controverted by the School Board. (*Great Lakes Pipe Line Co. v. Carson,* 168 Kan. 100, 211 P. 2d 70.) The only question is how much. Where lands are appropriated under eminent domain statutes, the general rule is that where there is a substantial lapse of time between the actual taking of the property and the payment, *interest* on the value of the lands taken and of the damages for the taking of the property from the time of taking until final payment, or what amounts to the same thing, damages in the nature of interest for the delay in compensation, is properly allowable, provided the award of the appraisers is increased by a jury. (*Bruna v. State Highway Comm.,* 146 Kan. 375, 69 P. 2d 743; *Great Lakes Pipe Line Co. v. Carson,*

supra; and *Flemming v. Ellsworth County Comm'rs.*, 119 Kan. 598, 240 Pac. 591.)

The next question involves the sum of money on which interest is payable. Prior to the adoption of G. S. 1955 Supp., 26-102, (L. 1953, Ch. 200, effective June 30, 1953), a landowner was not entitled to draw down the amount of a compensation award paid into court and be consistent with his appeal. (*Miltimore v. City of Augusta*, 140 Kan. 520, 38 P. 2d 675; *Hyland v. Hogue*, 131 Kan. 512, 292 Pac. 750; *Wilhite v. Judy*, 137 Kan. 589, 21 P. 2d 317; and *Clothier v. Wallace*, 137 Kan. 928, 22 P. 2d 462.)

Under the law as it then existed, the property owner was entitled to interest on the total amount of the final award when an owner appealed and a jury increased the award of the appraisers. The fact that the condemning authority had deposited the sum of money awarded by the commissioners with the clerk of the district court made no difference. (*Miltimore v. City of Augusta*, supra; *Gulf Railroad Co. v. Owen*, 8 Kan. 409; *W. & W. Rld. Co. v. Kuhn*, 38 Kan. 104, 16 Pac. 75; *Calkins v. Railroad Co.*, 102 Kan. 835, 172 Pac. 20; and *Flemming v. Ellsworth County Comm'rs.*, supra.)

The appellants argue that G. S. 1955 Supp., 26-102, relates only to cases in which the condemning authority appeals from the commissioners' award and has no applicability to cases where the property owners appeal from the award. This contention is not in accordance with the present statute as we construe it.

For purposes of convenience and clarity in further discussion the various provisions of the statute have been separated by inserting numbers (1) to (10), incl., in the statute, effective since June 30, 1953, which provides:

"[1] If the petitioner or the owner or any lien holder of record of any lot or parcel of ground so condemned shall be dissatisfied with the appraisement thereof, he shall, within thirty days, file a written notice of appeal with the clerk of said court and give bond for the costs thereof, to be approved by said clerk, and thereupon an action shall be docketed and tried the same as other actions: [2] *Provided, however,* If petitioner desires to take immediate possession of the property condemned but desires to appeal from the award of the appraisers, then said petitioner shall file with the clerk of the court a verified declaration or statement of the sum of money estimated by said condemner to be just compensation for the land taken, including damages, [3] and by depositing the amount for which the property taken was appraised with the clerk of the court, to the use of the persons entitled thereto, [4] and said lands shall be deemed to be condemned and taken for the use of petitioner, and title to said lands shall vest in said petitioner and condemner;

█ and said final compensation shall be ascertained, established and awarded by judgment on appeal; [6] which payment as aforesaid by the condemner shall be without prejudice to petitioner's right of appeal. [7] The court may order that the sum of money estimated by the petitioner as shown by the verified declaration or statement hereinbefore provided for be paid forthwith for or on account of the just compensation to be awarded in said proceeding. [8] If the compensation finally awarded in respect to said lands, or any parcel thereof, shall exceed the amount of the money paid in by condemner and so received by any person entitled, the court shall enter judgment against the condemner for the amount of the deficiency with interest at the rate of six percent per annum from the date of taking to the date of payment; but interest shall not be allowed on so much thereof as shall have been paid into the court. [9] If the compensation finally awarded to any owner or lien holder is less than the amount that has been paid to him, the court shall enter judgment against him and in favor of the condemner for the overpayment. [10] The acceptance by the owner, lien holder, or interested party of the full amount of the award of the commissioners, or the amount paid into the court or any part thereof by the condemner, as set forth in the verified statement or declaration of said condemner as aforesaid, shall be without prejudice to the right of appeal by said landowner, lien holder, or interested party, as provided herein, the issue of compensation to be determined on appeal by jury trial, and final judgment of the court."

Provision No. 1 is identical with G. S. 1949, 26-102, as it appeared prior to amendment in 1953. All provisions following No. 1 were added by the legislature in 1953. As is normally the case when a statute is drafted, not all of the contingencies which arise and call for application of the statute are foreseen by the legislature. Circumstances arise for which no specific provision is written in the statute. This makes for litigation. Patent on the face of this statute, however, is the fact that the provisions are not even consistent with each other.

The change in the statute was no doubt intended by the legislature to alleviate a condition of hardship to a landowner, lien holder, or interested party caused by delay, resulting from litigation, in the payment of compensation for land taken, where the condemner took immediate possession of the land condemned.

The argument of the appellants, under the statute as adopted, is plausible and merits some discussion. By reading provision No. 3 and provision No. 8 together it would appear that the condemner, who desires immediate possession but desires to appeal, is obligated to pay the entire award of the appraisers into court, that such payment is for the use of the persons entitled thereto, and that such persons are entitled to receive all that is paid into court. If this be

so, then how can provision No. 7 be reconciled? Is the district court entitled to exercise its discretion upon application and order the lesser sum, established by the verified declaration or statement of the petitioner, to be paid forthwith as just compensation? If this is so, then does the statute by provision No. 8 deny interest to the landowner on that portion which he cannot receive under order of the court but which has been paid into court? If a district court is obligated under the word "may" in provision No. 7 to exercise its discretion either to order the sum estimated by the verified declaration or statement of the condemner paid forthwith as just compensation *or* to refuse such order and deny any compensation whatever until final judgment, is not the purpose of the act defeated because the condemner in a position of control may declare a ridiculously low figure in its verified declaration or statement and thereby defeat not only the immediate payment of just compensation but avoid payment of interest under provision No. 8 as well? If that is the interpretation, such predicament for the landowner would unjustly force him to settle with the condemner at less than the fair market value or less than full compensation.

If a landowner is entitled to withdraw all of the funds paid into court, and these funds represent the full appraised value, where a condemner desires to appeal and files a verified declaration or statement, then provision No. 10 providing that a landowner may accept the full amount of the award without prejudice to his right of appeal, could be consistently construed to mean that this was permissible only where the condemner appealed and desired immediate possession.

Fortunately, the instant case does not concern an appeal in which the School Board desired immediate possession, but also desired to appeal, and filed a verified declaration or statement of its estimate of just compensation. We, therefore, do not here or now decide that question or attempt to reconcile or construe the provisions of the statute noted.

In the instant case the School Board paid the entire award of the appraisers into court, took immediate possession and did not appeal. Could the appellants have withdrawn the funds paid into court? If so, interest may be computed only on the increase over the award of the appraisers.

While an attempt has been made by the legislature to specifically spell out the provisions exclusively applicable to the situation where

the petitioner desired to take immediate possession of the property condemned, but desired to appeal from the award of the appraisers (see provisions No. 2 to 7, incl.), we think the intention of the legislature from the whole statute clearly extended the same privileges to the landowner, lien holder, or interested party.

Where a landowner appeals provision No. 10, deleting portions inapplicable, reads:

"The acceptance by the owner . . . of the full amount of the award of the commissioners . . . shall be without prejudice to the right of appeal by said landowner . . . *as provided herein,* the issue of compensation to be determined on appeal by jury trial, and final judgment of the court." (Emphasis added.)

Our search is directed back to the entire statute by the words "as provided herein," set forth in provision No. 10, to determine which of the provisions are applicable where the landowner appeals. By provision No. 1 the landowner is given the right of appeal. Provision No. 8 and provision No. 9 are both complete sentences in themselves within the same paragraph as provision No. 1 and provision No. 10. They apply with equal vigor whether an appeal is taken by either the landowner or the condemning authority, or by both. In either event, the compensation finally awarded on appeal shall be handled by the district court as directed under provisions No. 8 and No. 9.

Under the provisions of G. S. 1949, 26-101, a petitioner that desires to acquire the land at the appraised price shall within thirty days deposit with the clerk of the district court the total amount of the appraisement and pay the costs and appraisers' fees, at which time title to the land condemned immediately vests in the petitioner and it shall be entitled to immediate possession.

By the authority of provision No. 10 in 26-102, *supra,* the landowner is entitled to withdraw, upon order of the court, the entire award paid into court by the petitioner, even though the petitioner does not appeal, without prejudice to his right of appeal. To hold that the petitioner must appeal before the landowner has the right to withdraw the funds without prejudice to his right of appeal would necessitate reading a provision into the statute which is not there. This we cannot do.

Therefore, where the appellants (landowners) are entitled to withdraw the full amount of the appraisers' award paid into court by the condemning authority without prejudice to their right of

appeal upon court order, where the compensation finally awarded exceeds the amount of money paid in by the condemner, they are entitled under the statute (provision No. 8) to interest at 6% on the amount of the increase from the date of the taking to the date of payment. Interest cannot be allowed on the sum which has been paid into court by the condemner.

The appellants could have made application to the district court for the withdrawal of the funds paid into court by the petitioner, without prejudice to their right of appeal. And, on the record before this court there appears nothing which could have prevented the trial court from granting such request.

The next question considered is whether interest at 6% should be compounded, first by allowing interest at 6% on the increase from the date of the taking to the date of the jury verdict and then allowing interest at 6% on the entire sum from that date, to the date of payment.

This question requires an answer to the question: When was judgment entered on the jury verdict? The appellants contend that the provisions of G. S. 1949, 60-3117, are applicable. This section reads as follows:

"When a trial by jury has been had, judgment must be entered by the clerk in conformity to the verdict, unless it is special or the court order the case to be reserved for future argument or consideration."

Appellants argue that it was the duty of the clerk to enter the judgment on the verdict on the day it was returned, namely June 17, 1955, citing *Koontz v. Weide*, 111 Kan. 709, 208 Pac. 651; and *Degnan v. Young Bros. Cattle Co.*, 152 Kan. 250, 103 P. 2d 918. In neither of these cases was there a special verdict.

It must be noted, however, that in effect the appellants regarded the judgment in the instant case as entered on July 17, 1956, when the judgment was announced. A fact not heretofore disclosed in the statement of the case is that special questions were submitted to the jury in the instant case. The jury made special findings in answer to these questions. A motion for a new trial was filed within three days as required. When approximately thirteen months had elapsed and the motion for a new trial had not been presented, the appellants appeared before the district court with a motion for judgment as heretofore set out. The appellants thereby recognized that judgment had not been entered in their favor on the verdict. Judgment was entered on the 17th day of July, 1956, as recited in the

journal entry heretofore quoted. In view of this, the appellants cannot be heard to say now that the judgment was rendered on June 17, 1955, when, in fact, they recognized by their motion that it had not been entered. (*McQuin v. Santa Fe Trail Transportation Co.*, 155 Kan. 111, 122 P. 2d 787.)

There is an additional reason why judgment was not entered by the clerk on the 17th day of June, 1955. The provisions of G. S. 1949, 60-3117, heretofore quoted, cannot be read separate and apart from the provisions of G. S. 1949, 60-3118, which read:

"Where the verdict is special, *or where there has been a special finding on particular questions of fact*, or where *the court* has ordered the case to be reserved, *it shall order what judgment shall be entered.*" (Emphasis added.)

It follows that judgment did not, as a matter of course, follow return of the general verdict, there being special findings by the jury, and that until the trial court ordered what judgment should be entered, there was no judgment. It is not contended any judgment was ordered on the general verdict and special findings until the 17th day of July, 1956. When the trial court ruled on appellants' motion for judgment, the ruling did not have the effect of setting aside a judgment rendered at a prior time or rendering judgment retroactively to the time of the general verdict. (*Atkinson v. Cardinal Stage Lines Co.*, 145 Kan. 639, 66 P. 2d 553; and *In re Estate of Lightfoot*, 163 Kan. 369, 182 P. 2d 887.)

It follows that the trial court properly computed interest without compounding it.

The judgment of the trial court is affirmed.