No. 42,350

In the Matter of the Condemnation of Land for Hutton Road— Appeal of ALBERT H. BARKER, *Appellant,* v. COUNTY OF WYANDOTTE, *Appellee.*

(366 P. 2d 291)

Opinion filed November 10, 1961.

*Alan W. Farley,* of Kansas City, argued the cause, and was on the briefs for appellant.

*Conrad Miller,* Assistant County Counselor, of Kansas City, argued the cause, and *Thomas C. Lysaught,* County Counselor, of Kansas City, was with him on the briefs for appellee.

The opinion of the court was delivered by

FATZER, J.: This appeal arises out of a condemnation proceeding commenced by the board of county commissioners of Wyandotte County to improve and reconstruct a benefit-district road.

The facts are not in dispute. The appellant, Albert H. Barker, owned certain real estate deemed necessary by Wyandotte County to improve and reconstruct Hutton Road as a secondary road project. On October 7, 1957, being unable to purchase the real estate, the county commissioners invoked the provisions of G. S. 1949, 68-703 to condemn that part of appellant's land needed for the road improvement. An appropriate resolution was adopted which described the land in three separate tracts, and fixed the time and place of the appraisement and proper notice was given the appellant. At the time and place fixed in the notice, and acting in their capacity as appraisers, the county commissioners proceeded to view the tracts described, appraised their value, and assessed the damages. Separate written reports of their findings were filed with the county clerk showing the amount allowed the appellant for each tract, as follows: One tract, $2,726.70; another tract, $741.80; and the third tract, $1,266.60, or a total appraisement of $4,735.10.

The appellant was notified by registered mail of the total amount of the appraisement and that the board would meet on November 12, 1957, to finally determine the amount to be paid as damages for the land taken. On that date, the board met in regular session and by resolution awarded appellant as damages the sum of $4,535.10, or $200 less than the original appraisement. On November 20, 1957, the amount awarded was reduced to a county warrant drawn on the special benefit-district fund, made payable to the appellant, and deposited with the county clerk where it has since remained. Thereafter the county took possession of the property and made the road improvement.

On November 22, 1957, the appellant perfected an appeal from the award of the commissioners to the district court, which was tried by a jury and it returned a verdict in favor of the appellant for $13,875.40. Judgment was entered against the county for $9,340.30, the difference of the amount of the jury's verdict and the amount of the original award deposited with the county clerk, with interest at 6 percent per annum from November 20, 1957, to the date of payment, which was paid to the clerk of the district court. The journal entry also provided that appellant was to have the amount of the original award of $4,535.10. No question is presented concerning the proceedings on appeal or the amount of interest paid.

The appellant did not withdraw the original award deposited with the county clerk, and this appeal concerns only the question whether interest at 6 percent per annum may be allowed on $4,535.10 from November 20, 1957, to the date of payment. The district court's refusal to allow interest is specified as error.

The appellant's contention may be stated thusly: That the county commissioners were proceeding under G. S. 1959 Supp. 26-102 in the condemnation of his land; that the statute required the condemning authority to deposit the amount of the appraisers' award into the court; that when the commissioners deposited the amount finally awarded with the county clerk rather than with the clerk of the district court as the statute directs, the deposit was in effect no payment at all, and he is entitled to interest on the amount and for the period claimed. The appellant concedes that under the above statute, as construed in *Burke v. Board of Education of Common School District No. 110*, 181 Kan. 534, 313 P. 2d 272, where the condemning authority deposits the amount awarded into the court and takes immediate possession of the land, the landowner is entitled to withdraw the amount deposited without prejudice to his right to appeal, and if the appeal results in an increase, he is entitled to interest at 6 percent on the amount of the increase only.

In view of the appellant's contention, our first inquiry is: Under what statute was the condemnation proceeding had? We answer: The record clearly discloses the commissioners proceeded in accordance with G. S. 1949, 68-703 to acquire the appellant's land. The statute is one of the sections of Chapter 246, Laws of 1919. It is a part of our statutes dealing generally with benefit-district roads and specifically with condemnation proceedings by boards

of county commissioners to establish and maintain such roads. Like other statutes of similar purport (G. S. 1949, 68-106, 107, 114, 137, 509), it is one which authorizes the taking of private property for public use by a nonjudicial board or tribunal. A condemnation proceeding under it is a special proceeding in the nature of an inquest, and the procedure is prescribed by statute. Only that portion pertinent to this appeal is quoted:

". . . Upon the day named in said notice or on the following day thereafter, the county commissioners shall meet at the place stated in said notice and proceed to view the road and changes required and shall view all lands required to be taken for the relocation, laying out, altering or widening of said highway for the purposes described in this section *and appraise the value thereof and assess the damages thereto and shall forthwith file in the office of the county clerk of said county a written report of their findings,* and cause the plat of said road as changed to be filed therewith. *All applications for damages must be filed in writing with the county clerk on or before the first day of the next regular session of the board following the filing of said report, and the board shall at said regular session finally determine upon the amount to be paid as damages to any owner or owners of any land. And the amounts so allowed shall be paid from the special fund provided for the construction of the road in the benefit district,* or for a section or project, as the board may determine. *The right of appeal from the award of damages made by the board of county commissioners shall be the same as is now provided by law in other road cases, but such appeal shall not delay any work upon or in relation to said road.* . . ." (Emphasis supplied.)

Implicit in appellant's contention is the conclusion that if the amount awarded him as damages were properly deposited with the county clerk and subject to his withdrawal without prejudice to his right to appeal, that is, if the county clerk were the proper depository under the statute, and G. S. 1959 Supp. 26-102 was applicable and governed the taking of his appeal to the district court, *he would not be entitled to interest on the amount deposited,* but only on the amount of the increase allowed by the jury (*Burke v. Board of Education of Common School District No. 110,* supra), which, the record indicates, has been paid by the county into the district court.

As is observed from that part of section 68-703 quoted above, no provision directs the condemning authority to deposit the amount awarded the landowner with the county clerk—in fact, it is silent as to where such an award shall be deposited. But it is also obvious there is no direction to pay the amount awarded to the clerk of the district court, either before or after a landowner's appeal is perfected. The implication is just the reverse. The fact that a de-

pository was not expressly named does not mean that one was not impliedly designated. Necessity dictates, and the general scheme of our eminent domain statutes requires, that, to avoid confusion and uncertainty in condemnation proceedings, an award by the condemning authority for damages to a landowner be deposited in some public office in the county to be available for the use of those entitled thereto. The interest of the owner, lien holder, or other interested person in the land before it was condemned, is, by the proceeding, transferred to the amount deposited as damages for the land taken, to which they are compelled to look for compensation. (*Dye v. Railroad Co.*, 77 Kan. 488, 491, 94 P. 785; *Kansas Homes Development Co. v. Kansas Turnpike Authority*, 181 Kan. 925, 929, 317 P. 2d 794.) If the owner is dissatisfied with the award, he may protect his interest by taking an appeal to the district court, and what was previously a special proceeding in the nature of an inquest becomes an action to be docketed and tried in the same manner as other civil actions in the district court. (*Glover v. State Highway Comm.*, 147 Kan. 279, 77 P. 2d 189.) To accomplish that, the owner perfects his appeal in the same manner "as is now provided by law in other road cases," but the appeal does not delay any work upon or in relation to the road. No provision is made for an appeal by the condemner since the county commissioners finally determine the amount of the landowner's award and there would be no necessity for an appeal from their own findings.

When consideration is given to the statute (68-703) and the subject to which it relates, and to the general relationship of the county clerk to the board of county commissioners, we think it clear the legislature intended the county clerk to be the proper depository for an award of damages allowed by the county commissioners. The conclusion is supported by reason and logic. Under the former, all proceedings relating to the condemnation are filed with the county clerk including the written report of the appraisement of damages for the land taken. The written application of a landowner for damages is also required to be filed in that office, and the amount finally awarded as damages is directed to be paid from the special benefit-district road fund (68-708). Under the latter, the county clerk is the clerk of the board of county commissioners. (G. S. 1949, 19-304–307; *Atchison, T. & S. F. Rly. Co. v. Montgomery County Comm'rs*, 121 Kan. 428, 430, 247 P. 442.)

It is his duty to attend the sessions of the board; to record all papers and proceedings of the board; to sign the records of their proceedings and attest the same with the seal of the county (G. S. 1949, 19-304-307), and to record in the "road record" all proceedings with respect to the laying out and establishing roads in the county (G. S. 1949, 19-310).

In view of the foregoing, it follows that when the amount awarded appellant was deposited with the county clerk, the deposit was made in conformity with the provisions of G. S. 1949, 68-703. In that respect it was analogous to, or stood in the same relation as, a deposit with the clerk of the district court by a condemning authority in a condemnation proceeding commenced under G. S. 1959 Supp. 26-102. It also follows that the amount awarded the appellant and deposited with the county clerk has since remained available to him and was subject to his immediate withdrawal.

Assuming, as the appellant vigorously contends, but in no sense deciding the point (G. S. 1949, 68-106, 107; *Miltimore v. City of Augusta,* 140 Kan. 520, 527, 528, 38 P. 2d 675; *Durkee v. Bourbon County Comm'rs,* 142 Kan. 690, 691, 51 P. 2d 984), that his appeal to the district court was perfected in accordance with G. S. 1959 Supp. 26-102, we are of the opinion he was entitled to withdraw the amount deposited with the county clerk on November 20, 1957, without prejudicing his right to appeal. (*Burke v. Board of Education of Common School District No. 110,* supra, Syl. ¶¶ 1, 2.) Hence, the district court did not err in holding appellant was not entitled to interest on the amount of the original award for the period it was available to him in the county clerk's office awaiting his demand. The judgment is affirmed.