220

No. 43,323

A. C. Ferrellgas, Inc., *Appellee,* v. City of Atchison and Urban Renewal Agency of Atchison, Kansas, *Appellant.*

(387 P. 2d 222)

Opinion filed December 7, 1963.

*Richard P. Senecal,* of Atchison, argued the cause, and *John S. May* and *Robert F. Duncan,* of Atchison, were with him on the brief for the appellant.

*William E. Stillings,* of Atchison, argued the cause, and *Steadman Ball, J. W. Lowry* and *Robert D. Caplinger,* of Atchison, were with him on the brief for the appellee.

The opinion of the court was delivered by

Wertz, J.: This is an appeal by the condemner, the City of Atchison and Urban Renewal Agency of Atchison, in a condemnation case and involves the construction of G. S. 1961 Supp., 26-206, which was in effect at all times herein mentioned. The sole question to be determined is whether or not interest should have been allowed on the judgment awarding compensation.

Section 26-206 provides:

"If the governing body of any city shall deem such city aggrieved by an appraisement, assessment of damages or award by said commissioners made to any owner or claimant of land sought to be appropriated it may, by resolution adopted within ten (10) days after the filing of such report, abandon the condemnation of any lot or tract of land, or it may appeal therefrom,[.] if any condemning city desires to take immediate possession of the property condemned but desires to appeal from the award of the appraisers, or if the property owner appeals from the award of the appraisers, then said petitioner shall file with the clerk of the court a verified declaration or statement of the sum of money estimated by said condemner to be just compensation for the land taken, including damages, and by depositing the amount for which the property taken was appraised with the clerk of the court, to the use of the persons entitled thereto, and said lands shall be deemed to be condemned and taken for the use condemned. Said final compensation shall be ascertained, established and awarded by judgment on appeal; which payment as aforesaid by the condemner shall be without prejudice to petitioner's right of appeal.

The court may order that the sum of money estimated by the petitioner as shown by the verified declaration or statement hereinbefore provided for be paid forthwith for or on account of the just compensation to be awarded in said proceeding. If the compensation finally awarded in respect to said lands, or any parcel thereof, shall exceed the amount of the money paid in by condemner and so received by any person entitled, the court shall enter judgment against the condemner for the amount of the deficiency with interest at the rate of six percent (6%) per annum from the date of taking to the date of payment; but interest shall not be allowed on so much thereof as shall have been paid into the court. If the compensation finally awarded to any owner or lienholder is less than the amount that has been paid to him, the court shall enter judgment against him and in favor of the condemner for the overpayment. . . ."

The facts are not in dispute and are related only for the purpose of acquainting the reader with the precise issue involved. The subject land was condemned and the commissioners in condemnation filed their report setting the value of the land at $17,175. The condemner duly filed notice of appeal and timely filed a verified declaration with the clerk of the court stating just compensation for the property taken to be $10,250. The condemner deposited the amount of the commissioners' award, $17,175, with the clerk of the court and took possession of the property. The landowner also duly filed notice of appeal and its bond. For reasons not here involved no attempt was made by the landowner to draw down any money until after the trial whereby the jury returned a verdict of $14,541.50. The court entered judgment for $14,541.50 and costs, without any specific reference to the question of interest. The parties did not agree on a journal entry of judgment and appeared before the court for a determination of the amount of interest to be allowed. The court allowed interest at six percent per annum from the date of taking to the date judgment was rendered on the difference between the amount in the condemner's verified statement and the amount of the verdict, and, as modified, entered a new judgment accordingly. It is from this allowance of interest the condemner has appealed to this court.

The contention of the condemner, in substance, is that inasmuch as it deposited with the clerk of the court the amount for which the property taken was appraised, and which amount, it contends, the landowner could have drawn down without prejudice to the appeal, and the verdict of the jury being less than that amount, no interest should have been allowed. The substance of the landowner's contention is that inasmuch as the condemner filed its verified declaration of the money estimated by it to be just compen-

sation for the land taken, the landowner was foreclosed from drawing down the amount of the appraisal deposited by the condemner; moreover, that the condemner, by its verified declaration, had set a ceiling on the amount the landowner could withdraw, and, therefore, the landowner was entitled to interest between the declared amount and the amount of the verdict.

The statute, although confusing, and without prior judicial interpretation, contains positive language setting forth the necessary steps that must be followed if the condemning authority desires to appeal and to take immediate possession of the property condemned. First, the condemning authority must file with the clerk of the court its verified declaration of the sum of money estimated by it to be just compensation. Second, it must deposit with the clerk of the court the amount at which the property was appraised. At this juncture the court may, upon proper application, order the money estimated by the condemner, as shown by its verified declaration, to be paid to the landowner and other interested parties entitled thereto for or on account of just compensation to be awarded by the jury and approved by the trial court. This is the only provision of the statute which authorizes the landowner to draw down any money whatsoever pending final judgment. Final compensation shall be established by trial and final judgment on the appeal. If the compensation finally awarded by the jury and approved by the court shall exceed the amount paid in by the condemner, the court shall enter judgment against the condemner for the amount of the deficiency with interest as six percent, but interest shall not be allowed on so much thereof as shall have been paid into the court.

The crux of the statute then is this: Interest shall be allowed *only* if the verdict of the jury as approved by the court *exceeds* the amount paid into court by the condemner, but *no interest* shall be allowed on the amount paid into court by the condemner (the amount of the appraisers' award) if the approved verdict is *less* than that amount. In the instant case $17,175 was paid into court by the condemner, and under the foregoing construction of the language of the statute no interest could be allowed on any judgment which did not exceed that amount.

Counsel for both parties invite our attention to *Barker v. County of Wyandotte,* 188 Kan. 750, 366 P. 2d 291, and *Burke v. Board of Education of Common School District No. 110,* 181 Kan. 534, 313 P. 2d 272. However, these cases, other than giving the historical

and legislative background of certain provisions of our eminent domain statutes, lend no support in answering the question involved in the instant action.

In view of the positive provisions of the statute in question we are of the opinion the trial court erred in allowing interest on its judgment rendered on the verdict of the jury. The judgment insofar as it allows interest is reversed.

SCHROEDER, J., concurs in the result.